Charles Martin **DANIELS, Appellant,**

v.

The **STATE of Texas, Appellee.**

No. 14–96–01452–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 15, 1999.

---

Frances M. Northcutt, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Panel consists of Justices YATES, FOWLER, and FROST.

# OPINION

KEM THOMPSON FROST, Justice.

At issue in this case is the sufficiency of an affidavit supporting a search warrant. Appellant, Charles Martin Daniels, who was convicted for felony possession of cocaine, challenges the trial court's decision to overrule his motion to suppress evidence.

## INTRODUCTION

Appellant was charged by indictment with the first degree felony offense of possession of cocaine, weighing 4 grams or more but less than 200 grams, with intent to deliver. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp. 1999). Appellant's indictment included two enhancement paragraphs for two prior felony convictions. *See* TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp.1999). Appellant pled not guilty to the possession charge and "not true" to the respective enhancement paragraphs. He elected to be tried by the court without a jury. After finding Appellant guilty and the enhancement paragraphs "true," the court sentenced him to thirty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. *See id.* In his sole point of error, Appellant contends that the trial court erred in denying his motion to suppress on the grounds that the affidavit supporting the search and arrest warrant failed to establish probable cause. We affirm.

## FACTUAL BACKGROUND

In April 1996, Houston Police Officer Vanessa Wiltz and a confidential police informant the Houston police had used on a number of prior occasions, went to a residence located at 1000 Gregg Street, Houston, Texas. Officer Wiltz waited in the car while the informant entered the residence and purchased a gram of cocaine. Upon returning to the parked car, the informant told Officer Wiltz that he had been at a residence located at 3705 Liberty Road earlier that day and had seen Appellant with a kilogram of cocaine. The informant also told Officer Wiltz that he had accompanied Appellant to 1000 Gregg Street, where Appellant delivered approximately ten ounces of cocaine. Armed with this information, Officer Wiltz drafted a search warrant affidavit for the residence located at 3705 Liberty Road.

After obtaining a search warrant for the Liberty Road residence, but prior to exe-

cuting it, Officer Wiltz and several other police officers directed the informant to go inside the Liberty Road residence to purchase narcotics. The informant entered the residence and bought some cocaine, which he promptly turned over to a police officer, reporting that he had purchased the narcotics from Appellant. The police officers then executed the search warrant by entering the front door of the residence, whereupon they discovered Appellant and his wife in the living room, with a large plate containing crack cocaine resting on the coffee table in front of them. Also on the coffee table were 114 small plastic bags, each containing rock cocaine. The police officers also discovered additional bags of rock cocaine inside the residence. The total weight of all cocaine recovered was 174.1 grams. In addition to the cocaine, the police officers also found several thousand dollars in cash, hidden in various locations inside the house. The officers placed Appellant under arrest and transported him to the Harris County jail.

At trial, Appellant filed a motion to suppress on the grounds that Officer Wiltz's affidavit supporting the search and arrest warrant failed to establish probable cause. The trial court overruled Appellant's motion.

### STANDARD OF REVIEW

■ At a suppression hearing, the trial court is the sole trier of fact and may choose to believe or disbelieve any or all of any witness' testimony. *See Villarreal v. State,* 935 S.W.2d 134, 138 (Tex.Crim.App. 1996). We do not engage in our own factual review, but limit our inquiry to whether the trial court properly applied the law to the facts. *See Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). Our after-the-fact scrutiny of the sufficiency of an affidavit does not take the form of a *de novo* review. Instead, we determine whether the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Illinois v. Gates,* 462 U.S. 213, 236, 103 S.Ct. 2317,

2331, 76 L.Ed.2d 527 (1983); *Johnson v. State,* 803 S.W.2d 272, 289 (Tex.Crim.App. 1990); *Bower v. State,* 769 S.W.2d 887, 902 (Tex.Crim.App.1989). In conducting this review, we give great deference to the magistrate's determination of probable cause. *Bower v. State,* 769 S.W.2d 887, 902 (Tex.Crim.App.1989), *cert. denied,* 492 U.S. 927, 109 S.Ct. 3266, 106 L.Ed.2d 611 (1989), *overruled on other grounds, Heitman v. State,* 815 S.W.2d 681 (Tex.Crim. App.1991).

The Supreme Court has recognized that "search and arrest warrants long have been issued by persons who are neither lawyers nor judges, and who certainly do not remain abreast of each judicial refinement of the nature of 'probable cause.' " *Gates,* 462 U.S. at 235, 103 S.Ct. at 2331. Thus, when we review the decision to issue a search warrant, we recognize that many warrants are issued on the basis of non-technical, common-sense judgments of laymen applying a standard less demanding than that used in formal legal proceedings. *Id.* at 235–36, 103 S.Ct. at 2330–31. We are also mindful that the Fourth Amendment has a strong preference for searches conducted pursuant to warrants, and a "grudging or negative attitude by reviewing courts toward warrants" might encourage police officers to resort to warrantless searches in the hope that some exception to the warrant requirement might arise. *Id.* at 236, 103 S.Ct. at 2331. Therefore, our duty as a reviewing court is simply to ensure that the magistrate and the trial court had a substantial basis for concluding that probable cause existed at the time the warrant was issued. *Id.* at 238–39, 103 S.Ct. at 2332–33; *Hennessy v. State,* 660 S.W.2d 87, 89 (Tex.Crim.App.1983); *State v. Bradley,* 966 S.W.2d 871, 873–74 (Tex. App.-Austin 1998, no pet.).

### SUFFICIENCY OF THE AFFIDAVIT SUPPORTING THE SEARCH WARRANT

■ To determine whether the facts alleged in a probable cause affidavit sufficiently support a search warrant, we ex-

amine the totality of circumstances. *See Ramos v. State,* 934 S.W.2d 358, 362–63 (Tex.Cim.App.1996) ( citing *Gates,* 462 U.S. at 228–229, 103 S.Ct. at 2326–27). The allegations are sufficient if they would "justify a conclusion that the object of the search is probably on the premises." *Id.* at 363; *see also State v. Bridges,* 977 S.W.2d 628, 630 (Tex.App.-Houston [14th Dist.] 1998, no pet.); *Lane v. State,* 971 S.W.2d 748, 751 (Tex.App.-Dallas 1998, pet ref'd). The magistrate is permitted to draw reasonable inferences from the facts and circumstances alleged in the affidavit. *Id.*

The affidavit of Officer Wiltz at issue in this case set forth the following facts upon which the magistrate relied in determining that probable cause existed for the issuance of a search and arrest warrant:

I, V.D. Wiltz, currently assigned to the Harris County Narcotics Task Force, met with a confidential, credible and reliable informant, on April 3, 1996 to conduct a narcotics investigation, at 1000 Gregg. I searched the informant prior to going to 1000 Gregg and found the informant to be free and clear of any and all contraband. I gave the informant the confidential funds to be used in this investigation. I maintained surveillance during the investigation. I parked in front of the location and observed the informant approach the front door of the residence. The informant was stopped by a black male know [sic] only as Larry, prior to making entry at this residence. The black male suspect delivered to the informant approximately one gram of a beige rock-like substance. The informant then returned directly to my vehicle and turned the evidence over to me. I field tested the evidence and found it tested positive for cocaine.

The informant then advised the affiant that he was present at 3705 Liberty Road earlier this day, when a black male known by sight and name to the informant, as [Appellant], more fully described above, delivered approximately ten ounces of crack cocaine to 1000 Gregg. The confidential informant then led the officers to 3705 Liberty Road, where he had observed the suspect [Appellant] collect the evidence and place it in a small green plastic bag. The informant stated that he observed what appeared to be approximately one kilo of cocaine at 3705 Liberty Road. The location was a private residence, at 3705 Liberty Road. Officer K.D. Wiltz had received intelligence from the task force analyst that corroborated the information given by the confidential informant. The informant is a past user of cocaine and can readily identify cocaine by sight and odor. The informant is confident that the white powder like substances, appearing to be powder cocaine, which the informant saw being kept and sold from the residence located at 3705 Liberty Road, is in fact, cocaine. I have used this confidential informant on approximately twenty investigations, and have found him to be both credible and reliable. The informant has been inside the residence located at 3705 Liberty Road within the past 48 hours and has seen the adult black male, known only as [Appellant], as described above, in possession of powder cocaine and crack cocaine for the purpose of sale and/or personal use, while the informant was inside the residence. The informant will remain anonymous for safety and security reasons.

Appellant argues that Officer Wiltz's affidavit was insufficient to establish probable cause because none of the information provided by the unnamed informant had been corroborated. Following the hearing on Appellant's motion to suppress, the trial court, in overruling the motion, observed "it's not a model of clarity or grammatically correct. I think what needs to be there is in there within the four corners of the instrument." We agree with the trial court.

The allegations contained within the four corners of Officer Wiltz's affidavit are suf-

**56**

ficient to justify a conclusion that the object of the search was probably on the premises identified in the instrument. *See Ramos,* 934 S.W.2d at 363; *Barton v. State,* 962 S.W.2d 132, 135 (Tex.App.-Beaumont 1997, pet. ref'd). First, we note that the affidavit demonstrates that Officer Wiltz had relied on the informant used in this case on approximately twenty prior investigations and that the informant had proven to be reliable and credible. *See Capistran v. State,* 759 S.W.2d 121, 128 (Tex.Crim.App.1982); *Cerda v. State,* 846 S.W.2d 533, 534 (Tex.App.-Corpus Christi, no pet.) (an unnamed informant's reliability may be established by the affiant's general assertions stated in the affidavit concerning the informant's prior reliability). Second, the affidavit demonstrates the source of the informant's knowledge in that it states that the informant had been inside the premises to be searched within the last forty-eight hours and had personally observed Appellant in possession of powder cocaine and crack cocaine. *See Barton,* 962 S.W.2d at 137–38; *Carroll v. State,* 911 S.W.2d 210, 217 (Tex.App.-Austin 1995, no pet.).

It is clear from the totality of circumstances that the magistrate and the trial court, applying a practical, nontechnical approach to the information and weighing the probabilities, had sufficiently appropriate facts and circumstances in the probable cause affidavit to enable them to find a substantial basis for believing that a search of the premises would uncover evidence of Appellant's wrongdoing. *See Gates,* 462 U.S. at 235–36, 103 S.Ct. at 2330–31; *Ramos,* 934 S.W.2d at 326–63; *Barton,* 962 S.W.2d at 138. Appellant has failed to show that the trial court abused its discretion in denying his motion to suppress. *See Ramos,* 934 S.W.2d at 362–63; *Barton,* 962 S.W.2d at 138.

We overrule the point of error and affirm the judgment.