In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-485 CR


____________________



JIMMY ROLAND KEITH, JR., Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 284th District Court


Montgomery County, Texas


Trial Court Cause No. 99-10-06241 CR






O P I N I O N



 In a bench trial, Jimmy Roland Keith, Jr. was found guilty of possession of
marihuana and sentenced to 180 days confinement in the Texas Department of Criminal
Justice -- State Jail Division. On appeal Keith raises three issues. 

 We first consider his claim that the trial court erred in denying his motion to
suppress evidence that was obtained as a result of a search warrant. Keith argues that the
affidavit in support of the search warrant did not state probable cause sufficient to support
the search warrant. See Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp.
2001). In Illinois v. Gates, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983),
the United States Supreme Court adopted the "totality of the circumstances" test for
determining whether probable cause exists for issuance of a search warrant. Gates, 462
U.S. at 238; see Barton v. State, 962 S.W.2d 132, 135 (Tex. App.--Beaumont 1997, pet.
ref'd). The veracity, reliability, and basis of knowledge of an informant, though relevant
in determining the value of the informant's report, "should be understood simply as closely
intertwined issues that may usefully illuminate the commonsense, practical question
whether there is 'probable cause' to believe that contraband or evidence is located in a
particular place." Gates, 462 U.S. at 230. 

 In reviewing the existence of probable cause for a search warrant, an appellate court
should give great deference to the magistrate's decision. See Gates, 462 U.S. at 236; Lane
v. State, 971 S.W.2d 748, 752 (Tex. App.--Dallas 1998, pet. ref'd). As has been stated
by the United States Supreme Court, probable cause deals with probabilities -- "the factual
and practical considerations of everyday life on which reasonable and prudent men, not
legal technicians, act." See Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302,
93 L.Ed. 1879 (1949). The magistrate's task is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him,
including the 'veracity' and 'basis of knowledge' of persons supplying hearsay
information, there is a fair probability that contraband or evidence of a crime will be found
in a particular place." Gates, 462 U.S. at 238. This court likewise has characterized the
magistrate's function as applying "a practical, nontechnical approach" to the information
presented. Barton, 962 S.W.2d 138. In conducting our review, we give great deference
to the magistrate's decision to issue the warrant, and we determine whether, considering
the totality of the circumstances, the magistrate had a substantial basis for concluding
probable cause existed. See Lane, 971 S.W.2d at 752. 

 The search of Keith's residence and the subsequent seizure of the controlled
substance was made pursuant to a search warrant issued after the magistrate's consideration
of the affidavit of Sergeant Peter Maskunas, an officer employed by the Texas Department
of Public Safety as a "Sergeant Investigator" with the "Narcotics Service." Officer
Maskunas' affidavit recites that his experience includes more than nine years with the DPS,
with over two and one-half years in the DPS Narcotics Service. Before working for the
DPS, he served three years as a narcotics investigator assigned to the Organized Crime
Division for the City of Killeen, Texas. He has extensive training and experience in
conducting narcotics investigations and working with confidential informants. Though
Officer Maskunas' affidavit does not name the informant, it describes the informant in this
case as "reliable and credible." The affidavit also states that Maskunas had confirmed
information provided by the informant "through independent investigation." 
Understandably, Maskunas wanted the identity of the informant to remain "confidential
due to the danger to the safety and welfare of the [informant] and the [informant's]
family." Known to be reliable and credible to the DPS Sergeant Investigator, the
informant told him the defendant possessed marijuana at his residence "and engages in the
sale and distribution of Marihuana as his primary source of income." Officer Maskunas
stated the informant contacted him with this information "in the past 60 hours." 

 The affidavit also included the following paragraph: 

 Further your Affiant knows that SUSPECT has been arrested and charged
with Distribution of Marihuana by the US Marshall Service in Charleston,
WVA on 04/21/1994, Conspiracy to distribute Marihuana by Drug
Enforcement Administration Charleston, WVA on 04/21/1994, Possession
with intent to deliver Marihuana by the US Marshall Service in Houston, TX
on 10/20/1997. SUSPECT was convicted and sentenced to 24 months in
prison with 24 months probation on 05/19/1998 for Conspiracy to deliver
Marihuana and SUSPECT was convicted and sentenced to five (5) years
probation on 11/16/1998 for Conspiracy to distribute Marihuana. SUSPECT
remains on probation until 11/15/2003. 


 As part of the totality of the circumstances, the criminal history of a suspect can be
considered by a magistrate in determining whether probable cause exists to issue a search
warrant. See Robuck v. State, 40 S.W.3d 650, 655 (Tex. App.--San Antonio 2001, pet.
ref'd) (Officer's knowledge of defendant through previous narcotics investigations was one
factor in magistrate's determination of probable cause.); Knight v. State, 814 S.W.2d 545,
547-48 (Tex. App.--Houston [1st Dist.] 1991, no pet.) (Included in affidavit for search
warrant, as part of totality of circumstances, was fact that officers knew of appellant's
numerous prior arrests and one conviction for drug crimes.). 

 Here, the magistrate reviewed an affidavit that recited the experience of the affiant,
the statement of confirmation of facts through independent investigation, the relevant
criminal history of the suspect, and the fact that within the immediately preceeding sixty
hours the informant contacted the officer and reported that Keith possessed marihuana at
Keith's residence and that Keith "engage[d] in the sale and distribution of [m]arijuana as
his primary source of income." Considering the totality of the circumstances and
permitting all reasonable inferences, we hold the magistrate had a substantial basis for
concluding probable cause existed to issue the search warrant to search Keith's residence. 
See Gates, 462 U.S. at 238-39. Issue one is overruled.

 In issues two and three Keith contends the trial court erred by failing to "arraign
[him] at trial" and by "failing to have [him] enter a plea to the indictment at trial." 
Defense counsel filed a motion to suppress, and the trial court convened a hearing on the
motion on August 18, 2000. The record reveals the August 2000 proceeding was intended
to be both a motion to suppress hearing and the guilt-innocence phase of the trial. At the
hearing, the trial judge began by asking if the proceeding was a regular trial or a motion
to suppress. The prosecutor responded that it was a bench trial and stated "I believe it
would [be] efficient if we did a little Motion to Suppress first and then the Court ruled on
it." Defense counsel did not object to the prosecutor's suggestion. The State then called
Officer Maskunas to testify concerning the circumstances surrounding the search warrant
and the results of the search of Keith's residence. At one point during Maskunas'
testimony, the trial judge called the attorneys to the bench, and the following exchange
occurred:

 COURT: I thought you were just going to go into the details of the Motion
to Suppress.


 STATE: No problem, we'll quit.


 DEFENSE COUNSEL: Judge, I haven't objected until now because this is
also the beginning of a bench trial, and so I figured that this is the full
testimony of this witness, and I didn't think it was, for that reason harmful.


 COURT: Okay, if that's alright with you -


 STATE: Suits me, Judge. I just thought you would want to hear the whole
thing first.


 COURT: So this will be the evidence not only on the Motion to Suppress but
also on the case, then.


 DEFENSE COUNSEL: I would suggest that he offer it up, and once the trial
officially begins, that he re-offer, rather than having him testify again.


 STATE: Sure.


 COURT: Okay, and I'll just consider that I'm holding up my ruling on the
Motion to Suppress until you finish evidence.


 . . . .


 COURT: . . . I just wanted to get straight about what we're doing because
you might have to go through this all again, you know, if this is all on this
Motion.


 STATE: Gotcha, I understand, sir.


 DEFENSE COUNSEL: I think it is on the Motion to Suppress, but I have
no objection to Counsel offering it as evidence rather than repeating it. I
don't think it would do any good to repeat that testimony.


 COURT: Alright, I take it that the state is offering this on the Motion to
Suppress or at least the offering - not only on the Motion to Suppress, but
also on the case as a whole.


 STATE: Yes sir.


 COURT: And without objection by the Defendant, we won't have to repeat
the evidence.


 DEFENSE COUNSEL: The defendant believes we will not have to go any
farther, Your Honor -


 COURT: I understand.


 DEFENSE COUNSEL: With that caveat -


 COURT: I understand, and basically, I'm just withholding ruling on the
Motion to Suppress until all the evidence is complete.


 DEFENSE COUNSEL: Yes sir.


 STATE: Thank you, sir, I appreciate that. 


Upon completion of the State's direct examination of Officer Maskunas, defense counsel
conducted a cross examination of the officer. The State then rested its case, and defense
counsel put on the defendant's case. 

 At the conclusion of the testimony, the trial judge asked the prosecutor and defense
counsel to make their closing arguments on both the motion to suppress and
guilt/innocence issues; each did so. At the conclusion of his argument, the prosecutor
urged the court "to overrule the Motion to Suppress and find Mr. Keith guilty of the
offense of state jail possession of marijuana." 

 The trial judge issued his ruling that same day. 

 COURT: On the Motion to Suppress, I think it's a close question, but some
of the cases indicate that I'm to give some weight to the Magistrate . . . . 
The Motion to Suppress is denied and I find based on the evidence submitted
that the defendant Jimmy Roland Keith is guilty of the offense of possession
of marijuana in the amount of five pounds or less but more than four ounces.

 Alright, is the State ready to proceed on the punishment phase?

 

 STATE: Yes Judge, Counsel has asked to go ahead and ask for a PSI which
we do in this Court a lot and we're not [sic]object, if it pleases the Court.


 DEFENSE COUNSEL: Yes Your Honor, it's our request -

 . . . .


 DEFENSE COUNSEL: - also there was a second paragraph in the
indictment -


 COURT: There is no evidence on that whatsoever and he will not be found
guilty on that one.


 DEFENSE COUNSEL: Was he found innocent on that one, Your Honor?


 COURT: I found him not guilty. 


The Pre-Sentence Investigation Report, requested by appellant, was prepared, and the
punishment hearing was conducted in October 2000. After hearing appellant's testimony,
the trial court sentenced him to 180 days confinement in the State Jail Facility. The next
day, Keith filed a motion for new trial in which he contended the trial court erred in failing
to arraign him and enter a plea to the indictment. 

 As we appreciate the substance of issues two and three, Keith is contending the trial
court erred in failing to "arraign" him at trial and to take his plea at trial. He seems to
make no distinction between a pre-trial arraignment and what he, as well as the record,
describes as the "arraignment at trial." However, the two are not synonymous. Under
the Code of Criminal Procedure, an arraignment takes place for the purpose of fixing the
accused's identity and hearing his plea. Tex. Code Crim. Proc. Ann. art. 26.02 (Vernon
1989). The arraignment is not to take place until the expiration of at least two entire days
after the day on which a copy of the indictment was served on the defendant, unless the
right to such copy or to such delay be waived, or unless the defendant is on bail. Tex.
Code Crim. Proc. Ann. art 26.03 (Vernon 1989). If a jury trial is held, the Texas Code
of Criminal Procedure requires the indictment be read to the jury and defendant's plea be
stated. See Tex. Code Crim. Proc. Ann. art. 36.01(a)(1),(2) (Vernon Supp. 2001). The
arraignment is separate and distinct from the trial and is conducted outside the presence
of the jury. See generally Boening v. State, 422 S.W.2d 469, 472-73 (Tex. Crim. App.
1967). Although the Code of Criminal Procedure states that an arraignment is to take
place in all felony cases, arraignment may be waived. See Jones v. State, 797 S.W.2d 33
(Tex. Crim. App. 1990); see Tex. Code Crim. Proc. Ann. art. 26.01 (Vernon 1989). 
The docket sheet in this case indicates the defendant appeared in court on January 20,
2000, and waived arraignment. As we appreciate Keith's brief, he is not disputing the
waiver of pre-trial arraignment; instead, he contends the trial court erred in failing (a) to
have the indictment read at the bench trial and (b) to take his plea at the bench trial. 

 Appellant directs us to three cases, two of which specifically find trial court error,
under Tex. Code Crim. Proc. Ann. art. 36.01 (Vernon Supp. 2001), in failing to have
the indictment read to a defendant and failing to take his plea. We simply note that Article
36.01 expressly relates to the order of proceedings in a jury trial. The article has no
reference to the procedure when the case is one in which a jury trial can and has been
waived. See Clardy v. State, 436 S.W.2d 535, 537 (Tex. Crim. App. 1968); Davis v.
State, 970 S.W.2d 747, 749 (Tex. App.--Houston [14th Dist.] 1998, no pet.). Here, the
judge was the factfinder. As noted in Davis, when the judge, and not the jury, is making
the decision at the punishment phase of the trial [in our case at the guilt/innocence phase],
there is no need to clarify the issues in the same way as would be required for a jury. Id.
at 749. The issue was joined; the judge and appellant through his counsel knew the
contents of the indictment, as evidenced by specific references to it by defense counsel and
the trial judge during the trial. 

 While it is undisputed the indictment was not actually read aloud, and Keith's plea
was not orally taken at the trial, no one disputes Keith was denying his guilt; his defense,
as testified to by Morgana Keith, was that he was not in possession of the marihuana,
because she and her sister purchased it for Morgana's medical use and put it in the home. 
Moreover, at the motion to suppress/guilt-innocence proceeding, defense counsel called
the trial judge's attention to the second count in the indictment; the trial judge declared
there was no evidence on the second count and found Keith not guilty on that count. Keith
makes no claim he was unaware of the offenses with which he was charged. 

 Although Keith filed a motion for new trial claiming the trial court erred by failing
to arraign him and to enter his plea to the indictment at trial, Keith did not object at the
hearing/trial itself and did not afford the trial court the opportunity to correct the problem. 
A defendant has an obligation to lodge a timely objection to afford the trial court the
opportunity to cure the defect. See Tex. R. App. P. 33.1(a). As explained in Reed v.
State, 500 S.W.2d 497 (Tex. Crim. App. 1973), a case involving a bench trial on
punishment, if appellant had made an objection at the trial court level when the problem
(failing to take the defendant's plea and to have the indictment read) was discovered, the
matter could easily have been remedied by re-introducing the evidence and taking the
defendant's plea at that point. Reed v. State, 500 S.W.2d 497, 499 (Tex. Crim. App.
1973). 

 Here, the trial judge, defense counsel, and prosecutor all understood the motion to
suppress hearing would also be the guilt-innocence phase of the trial. Defense counsel did
not object to the procedure and, in fact, not only assented to it but explained why he
agreed with the procedure. Under the specific circumstances in this case, where the trial
was nonjury, where the parties were in agreement on the procedure they crafted, and
where no objection was timely made, we find the complaints in issues two and three were
waived. See Davis, 970 S.W.2d at 749-50 (Alleged error in trial court's failure to read
indictment and enhancement paragraphs at bench trial on punishment was not preserved
for review where defendant did not object.) Issues two and three are overruled.

 The judgment is affirmed.

 _________________________________

 DAVID B. GAULTNEY 
 Justice


Submitted on September 11, 2001 

Opinion Delivered November 14, 2001

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.


DISSENTING OPINION


 I respectfully dissent to the disposition of issue one. I do not believe the affidavit
meets either the reliability or basis of knowledge requirement for establishing probable
cause.

 The affidavit states the informant is reliable and credible but it is not asserted the
informant has ever been used before or has proven reliable in the past. The affidavit
provides the informant contacted Sergeant Maskunas in the past sixty hours, but does not
assert the informant's knowledge was obtained in the past sixty hours. The affidavit
provides no basis for the informant's knowledge. It is not asserted the informant either
saw or purchased marijuana in the residence. The affidavit claims the informant is reliable
and credible "due to confirmation of information . . . through independent investigation." 
But no facts are given describing this investigation or how it confirmed the informant's
claims.

 We do not have the circumstances of a controlled buy. See Davis v. State, 27
S.W.3d 664, 666-68 (Tex. App.--Waco 2000, pet. ref'd) (citing Richardson v. State, 622
S.W.2d 852, 857 (Tex. Crim. App. 1981); Sadler v. State, 905 S.W.2d 21, 22 (Tex. App.
--Houston [1st Dist.] 1995, no pet); and Bodin v. State, 782 S.W.2d 258, 259-60 (Tex.
App.--Houston [14th Dist.] 1989), rev'd on other grounds, 807 S.W.2d 313 (Tex. Crim.
App. 1991)). We do not have an informant that had been used on prior investigations and
proven reliable and credible. See Daniels v. State, 999 S.W.2d 52, 54-56 (Tex. App.--
Houston [14th Dist.] 1999, no pet.) (citing Capistran v. State, 759 S.W.2d 121, 128 (Tex.
Crim. App. 1982); and Cerda v. State, 846 S.W.2d 533, 534 (Tex. App.--Corpus Christi
1993, no pet.)). The affidavit does not demonstrate the source of the informant's
knowledge. See Daniels, 999 S.W.2d at 56 (citing Barton v. State, 962 S.W.2d 132, 137-38 (Tex. App.--Beaumont 1997, pet. ref'd); and Carroll v. State, 911 S.W.2d 210, 217
(Tex. App.--Austin 1995, no pet.)). The affidavit does not demonstrate there was probable
cause to believe the contraband would be found in the suspected place at the time the
warrant was issued because there is no indication as to when the informant acquired his
information - only that he passed it on to Sergeant Maskunas in the last sixty hours. See
Guerra v. State, 860 S.W.2d 609, 610-12 (Tex. App.--Corpus Christi 1993, pet. ref'd)
(citing Staines v. State, 659 S.W.2d 50, 53 (Tex. App.--Houston [14th Dist.]1983, pet.
ref'd); Gonzales v. State, 761 S.W.2d 809, 813 (Tex. App.--Austin 1988, pet. ref'd);
Cawthon v. State, 795 S.W.2d 818, 822 (Tex. App.--Tyler 1990, no pet.); Garcia v. State,
676 S.W.2d 202 (Tex. App.--Corpus Christi 1984, pet. ref'd); Alvarez v. State, 750
S.W.2d 889, 892 (Tex. App.--Corpus Christi 1988, pet. ref'd); and Capistran, 759
S.W.2d at 127-28)). The informant's knowledge is not "sufficiently detailed to suggest
direct knowledge" on his part. Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim.
App. 1995). See also State v. Carter, 936 S.W.2d 408, 411 (Tex. App.--Beaumont 1996,
no pet.).

 "No search warrant shall issue for any purpose in this state unless sufficient facts
are first presented to satisfy the issuing magistrate that probable cause does in fact exist
for its issuance." Tex. Code Crim. Proc. Ann. art. 18.01(b) (Vernon Supp. 2001). The
affidavit fails to present any facts - only conclusions - and establishes neither the
informant's reliability nor his basis of knowledge. See Illinois v. Gates, 462 U.S. 213,
233, 103 S.Ct. 2317, 2329, 76 L.Ed.2d 527, 545 (1983). Therefore, the affidavit does
not contain such facts and circumstances as would provide the magistrate with a substantial
basis for concluding a search would uncover evidence of wrongdoing. See Barton v. State,
962 S.W.2d 132, 136-37 (Tex. App.--Beaumont 1997, pet. ref'd). Consequently, I would
hold the trial court erred in denying the motion to suppress. Issue one should be sustained
and the judgment of the trial court should be reversed and remanded.





 DON BURGESS

 Justice


Dissent Delivered

November 14, 2001

Do Not Publish