Affirmed and Opinion filed July 11, 2002









Affirmed
and Opinion filed July 11, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00687-CR & 14-01-00688-CR

____________

 

HUBERT RAY PORTER, JR., Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at
Law No. 9

Harris County, Texas

Trial Court Cause Nos. 1016538 &
1019865

 



 

O P I N I O N

Appellant, Hubert Ray Porter, Jr., was convicted of
possession of marijuana in a useable quantity under two ounces, and theft of
property with a value of over $500 and under $1,500.  In two points of error, he contends the trial
court should have granted his motions to suppress because the affidavit given
in support of a search warrant contained information that was obtained
illegally, and omitted information which would have made that illegality
evident.  We affirm.








On August 20, 1999, appellant pleaded guilty to two state
jail felony thefts and was placed on four years’ deferred adjudication
community supervision.  On August 15,
2000, deputies Pierce, Thomas, and Stake of the Harris County Sheriff=s Department, while investigating an
aggravated assault of a peace officer, went to what they believed to be
appellant=s address, opened a closed automatic
gate of a fence that surrounded the property, and knocked on the front door for
five or ten minutes.  Their knocks went
unanswered.  Pierce, aware that appellant
was on community supervision, contacted Javed Syed, his community supervision officer.  Syed indicated that
appellant had violated a term of his community supervision if he lived at that
address because he had failed to provide notification of a change in his
residence.  

The following day, between 11:00 and 11:30 a.m., Syed and another probation officer, along with deputies
Pierce, Thomas, and Fondren, and “Rebel,” a narcotics
detection dog, returned to the residence to investigate whether appellant
lodged there.  When they arrived, the
gate was slightly ajar, but Pierce opened it further to permit access.  The deputies and probation officers knocked
on the front door of the residence. 
Although again no answer was forthcoming when the deputies and probation
officers knocked on the front door of the residence, Rebel alerted to the odor
of a controlled substance emanating from within.  Based in large part on this response, Pierce
believed he had probable cause to obtain a search warrant.  Thereafter, Pierce instructed a deputy to
completely open the front gate in case a vehicle or ambulance was needed while
serving the search warrant he shortly expected to receive.  The deputy did so with a wrench by taking the
chain of the automatic gate off its motor, without breaking the chain.  No one entered the residence, however, at
that time.

Deputy Kleindienst, after having
been telephoned by Pierce from the scene, undertook to get a search warrant for
appellant=s residence.  In support thereof, Kleindienst
filed an affidavit relating Pierce’s probable
cause.  The warrant issued at
approximately 1:00 p.m., whereupon the deputies entered the property and
discovered the stolen items and marijuana with which we are here concerned.








Appellant filed pretrial motions to suppress evidence, waived
trial by jury, pleaded not guilty, and tried the cases to the court in a joint
proceeding with a hearing on his motions to suppress.  The trial court denied appellant’s motions to
suppress, found him guilty as charged, and assessed punishment at confinement
for a period of 180 days for each offense.

On appeal, appellant challenges the denial of his motions to
suppress because the affidavit given in support of the search warrant contained
information that was illegally obtained and omitted information which would
have made the illegality evident. 
Appellant contends that if his motions to suppress had been granted,
there would have been no evidence of the crimes alleged and thus no convictions
of the misdemeanor offenses.  In
addition, appellant argues that even if the arrest warrants were issued before
the deputies entered his property=s curtilage,
they did not comply with Article 15.25 of the Texas Code of Criminal Procedure,
thereby rendering the deputies= presence on the property illegitimate.  Therefore, appellant argues that the alert by
the drug-sniffing dog was illegally obtained as if there had been no arrest
warrants.

In reviewing a ruling on a motion to suppress, we apply a
bifurcated standard of review, giving almost total deference to a trial court=s express or implied determination of
historical facts and reviewing de novo the court’s application of the law of
search and seizure to those facts.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000); Carmouche v. State, 10 S.W.3d 323, 327 (Tex.
Crim. App. 2000).  Where the trial
court did not make explicit findings of historical fact, we review the evidence
in a light most favorable to the trial court=s ruling, assuming that the court
made implicit findings of fact supported in the record that buttress its
conclusion.  Id.
at 328.  Moreover, at a
suppression hearing the trial court is the sole trier of fact and may choose to
believe or disbelieve any or all of a any witness=s testimony.  Ross, 32 S.W.3d at 855; Daniels v.
State, 999 S.W.2d 52, 54 (Tex. App.CHouston [14th Dist.] 1999, no pet.).








To determine whether the facts alleged in a probable cause
affidavit sufficiently support a search warrant, we examine the totality of the
circumstances.  Id. at 54-55.  The allegations are sufficient if they would
justify a conclusion that the object of the search is probably on the
premises.  Id.
at 55.  The court is permitted to
draw reasonable inferences from the facts and circumstances alleged in the
affidavit.  Id.  

Appellant contends (1) the deputies violated his Fourth
Amendment rights by entering his property through the gate; (2) the canine
sniff was a search in violation of his Fourth Amendment rights; (3)
noncompliance with Article 15.25 of the Code of Criminal Procedure invalidated
the search; and (4) the omission from the affidavit as to the deputy’s removal
of the chain from the automatic fence gate mechanism rendered the warrant
invalid.








A condition of appellant’s community supervision was that he
must permit his supervision officer to visit him at his home or elsewhere.  See Tex.
Code Crim. Proc. Ann. art.
42.12 ' 11(a)(5)
(Vernon Supp. 2001).  Nonetheless,
because, on August 15, 2000, the deputies had to walk through a gate before
knocking on his front door, appellant contends they improperly trespassed on
his property.  The Fourth Amendment
protects a subjective expectation of privacy only if society recognizes that
expectation as reasonable or justifiable. Oliver v. United
States, 466 U.S. 170, 177 (1984). 
Probationers (and parolees) do not enjoy the absolute liberty to which
other citizens are entitled. United States v. Knights,
534 U.S. 112, ___, 122 S. Ct. 587, 591 (2001).  For example, they do not enjoy the same level
of Fourth Amendment protection accorded defendants only suspected of a crime
and probable cause is not necessary for their arrest or search.  Ballard v. State, 33 S.W.3d 463, 466B67 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d). 
Rather, evidence substantiating a reasonable belief that a probationer
violated a condition of probation is sufficient to adequately protect his
rights under the United States Constitution. 
Garrett v. State, 791 S.W.2d 137, 141 (Tex. Crim. App. 1990)
(holding the parolee’s rights under the United States Constitution were
adequately protected because the State presented evidence supporting the reason
to believe the conditions of parole were violated); Ballard, 33 S.W.3d
at 468 (holding supervising court was provided sufficient factual basis to
issue a capias to arrest probationer based on belief
he violated probation conditions). 
Therefore, appellant was entitled to a lesser expectation of privacy in
the curtilage of his home than other citizens.

While under the terms and conditions of community
supervision, appellant remained in the constructive custody of the court.  See Ex parte
Canada, 754 S.W.2d 660, 666 (Tex. Crim. App. 1988) (holding a parolee is in
legal constructive custody of the state); also Tex. Code Crim. Proc. Ann. art. 11.21 (Vernon 1977) (defining “constructive
custody” as “any coercive measures by threats, menaces or the fear of injury,
whereby one person exercises a control over the person of another, and detains
him within certain limits.”). 
Accordingly, we find that because appellant was on community
supervision, he could not bar law enforcement officers from entering the curtilage of his home by the erection of fences, gates, or
other physical barriers. 

            Here, the deputies took
the normal route to appellant=s front door to knock on the door.  They were legitimately at appellant=s home to determine whether appellant
had changed his address.  See Tex. Code Crim. Proc. Ann. art. 42.12 ' 11(a).  Therefore, the deputies  did not violate appellant’s Fourth
Amendment rights by walking through the gate to get to appellant=s front door.








Appellant next contends the search warrant was invalid
because Rebel’s positive alert at the front door did not provide probable cause
to search the house.  A canine sniff is
not a search under the Fourth Amendment of the United States Constitution or
under Article I, section 9 of the Texas Constitution.[1]  Josey v.
State, 981 S.W.2d 831, 845 (Tex. App.CHouston [14th Dist.] 1998, pet. ref=d). 
Further, a trained canine=s alert is sufficient to provide
probable cause for a search.  Id.;
Walsh v. State, 743 S.W.2d 687, 689 (Tex. App.CHouston [1st Dist.] 1987, pet. Ref’d).  

As aforementioned, when the deputies and probation officers
knocked on the door of the residence, no one answered.  Rebel, however, detected the odor of a
controlled substance coming from a crack in the door seal at the bottom
right-hand corner of the front door and alerted the deputies by displaying a
very aggressive scratch and bark.  Based
on this alert, Pierce believed he had probable cause to obtain a search
warrant.[2]  Therefore, because Rebel and the  deputies were
legitimately on the property and the trained dog alerted to drugs, probable
cause existed for the search.

Appellant
further contends noncompliance with Article 15.25 of the Texas Code of Criminal
Procedure invalidated the search. 
Article 15.25 states:

In case of felony, the officer may break down the door
of any house for the purpose of making an arrest, if he be refused admittance
after giving notice of his authority and purpose.

 

Tex. Code Crim. Proc. Ann. art. 15.25 (Vernon Supp. 2002).  Appellant asserts, without citation of
authority, that noncompliance with Article 15.25 renders any search conducted
in connection with the execution of an arrest warrant violative
of the Fourth Amendment to the United States Constitution and Article I,
section 9 of the Texas Constitution. 
Because we have determined the officers had probable cause to obtain the
search warrant independent of any arrest warrant for appellant, we need not
address this contention.  








Appellant finally avers a material omission from the search
warrant affidavit invalidated the search. 
Appellant contends the failure to include information in the affidavit
about the officers taking the chain off the fence invalidated the warrant. When
a defendant complains of an omission from the affidavit, our duty is to examine
the record of the suppression hearing to determine whether appellant proved by
a preponderance of the evidence that the omission was made intentionally or
with a reckless disregard for the accuracy of the affidavit.  United States v. Martin,
615 F.2d 318, 328 (5th Cir. 1980). 
If appellant carried that burden, we must determine whether, if the
omitted material had been included in the affidavit, the affidavit would still
be sufficient to establish probable cause for the search.  Id. 
The court is required to suppress the evidence seized under the warrant
only if the affidavit would not have been sufficient had the omitted material
been included.  Bernard v. State,
807 S.W.2d 359, 367 (Tex. App.CHouston [14th Dist.] 1991, no
pet.).  Negligent omissions will not
undermine the affidavit.  Martin, 615 F.2d at 329.

The omission of the opening of the gate was not fatal because
even if the omission had been included in the affidavit, the affidavit would
still have established probable cause for the search.  Because we find no basis for invalidating the
search, we overrule appellant’s points of error.

Accordingly, the judgment of the trial court is affirmed.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

Judgment rendered
and Opinion filed July 11, 2002.

Panel consists of
Justices Hudson, Fowler, and Duggan.*

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Appellant
relies on United States v. Thomas, 757 F.2d 1359, 1366 (2d Cir. 1985),
for the proposition that a dog sniff at the front door of a residence was a
search under the Fourth Amendment because of the appellant=s heightened expectation of privacy in his
residence.  Thomas has been
rejected by other federal circuits and this court because it conflicts with the
Supreme Court=s determination in United States v. Place, 462
U.S. 696 (1983), that a canine sniff is not a search no matter where the sniff
takes place.  See, e.g., United
States v. Reed, 141 F.3d 644, 650 (6th Cir. 1998); Middleton v. State,
9 S.W.3d 428, 432 (Tex. App.CHouston [14th Dist.] 1999, no pet.).





[2]  The affidavit
in support of the search warrant also indicates that: appellant=s mother told Pierce that appellant was living at a
different address; Pierce spoke with a person living next door to the different
address, Joyce DeGeorge, who told Pierce that
appellant resided there; and, Pierce learned that appellant was under community
supervision and contacted his community supervision officer, Syed, who told him that if appellant was residing at the
different address, this was a violation of his probation because he had given
no notification of the change of address. 






*  The Honorable Lee Duggan, Jr., Retired Justice, Court of Appeals,
First District of Texas at Houston, participating by assignment.