Affirmed and Opinion filed September 26, 2002









Affirmed
and Opinion filed September 26, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-00-01285-CR

____________

 

GLENN ANTHONY DERROW, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th District Court

Harris  County, Texas

Trial Court Cause No. 837,936

 



 

O P I N I O N

Appellant, Glenn Anthony Derrow, appeals the denial of a
pretrial motion to suppress evidence. 
Appellant argues that the trial court erred in denying the motion to
suppress evidence seized in his residence under a search warrant because the
affidavit used to secure the warrant was not sufficient to establish probable
cause.  We disagree and affirm the trial
court’s decision.








PROCEDURAL AND FACTUAL BACKGROUND

On February 27, 2000, a Houston police officer obtained a
search warrant for a residence and vehicle in Harris County.  Appellant was subsequently arrested at the
residence and charged with possession of cocaine weighing more than 4 and less
than 200 grams.  Appellant filed a motion
to suppress the evidence obtained from the search, arguing that the affidavit
lacked probable cause to support the issuance of a search warrant.  The trial court denied the motion, ruling
facts in the affidavit indicated the existence of ongoing drug activity in the
residence sufficient to establish probable cause.  Appellant plead guilty to the offense as part
of a plea agreement and was sentenced to twenty-five years in the Texas
Department of Criminal Justice, Institutional Division.  This appeal followed.

DISCUSSION

In a single issue on appeal, appellant contends the trial
court erred in finding the warrant affidavit sufficient to show probable
cause.  In the affidavit, the officer
described an anonymous informant’s purchase of crack cocaine at the appellant’s
residence.  The officer indicated that he
worked with the informant on three prior investigations and found the informant
reliable each time.  The officer’s
affidavit stated in relevant part:








At approximately, 19:00 hours your
Affiant met with the informant and searched the informant.  Your Affiant did not find any contraband on
the person of the informant.  Your
Affiant gave the informant a single, city owned twenty dollar bill.  Your Affiant instructed  the informant to go to the residence located
at 1702 Cleveland, Houston, Harris County Texas and to purchase crack
cocaine.  The informant walked to and
entered the residence at 1702 Cleveland, Houston, Harris County Texas and spoke
with the Black female known as “Sue Sue”.  The informant told “Sue Sue”
that he wanted to buy crack cocaine and the informant gave “Sue Sue” the city owned twenty dollar bill.  “Sue Sue” told the
informant she was currently out of crack cocaine.  “Sue Sue” told a
Black male she called “T” to get some crack cocaine out of the car he was
driving.  The Black male went to and
opened the trunk of a vehicle that bears Texas License Number Plates “KVJ73W”.  The Black male known as “T” got a small piece
of clear plastic out of the trunk and returned to the residence.  “T” opened the clear piece of plastic and
took out two pieces of beige colored rock like substance and handed them to the
informant.  The informant stated that
there were approximately 20 pieces of crack cocaine remaining in the clear
piece of plastic.  “T” then went back to
the listed vehicle and put the remaining pieces of crack cocaine back in the
trunk.  “Sue Sue”
told the informant to come back later because she was going to get another
shipment of crack cocaine delivered later this date.

The informant
then returned directly to the Affiant and gave your Affiant the substance sold
to him by the Black female known as “Sue Sue” and the
Black male known as “T”.  Your Affiant
maintained constant visual contact with the informant throughout this
transaction.  Your Affiant again searched
the informant and did not find any contraband. 
The substance sold to the informant weighed approximately .40 grams and
field tested positive for cocaine content by your Affiant.  

 

Based on the aforesaid facts, it is the opinion of your Affiant that the
Black female known as “Sue Sue” and the Black male
known as “T”; and other persons unknown are in possession of the controlled
substance, crack cocaine, concealed within the address known as 1702 Cleveland,
Houston, Harris County Texas and the 1993 Oldsmobile bearing Texas License
Number Plates “KVJ73W”.

The trial court denied appellant’s
motion to suppress, ruling that the search warrant was properly issued based
upon the facts presented in the affidavit. 


Standard
of Review

We
review a trial court’s ruling on a motion to suppress evidence under an abuse
of discretion standard.  Alvarado v.
State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993).  If supported by the record, a trial court’s
ruling on a motion to suppress will not be overturned.  Brooks v. State, 76 S.W.3d 426, 430
(Tex. App.CHouston [14th Dist.] 2002, no pet.)
(citing Hill v. State, 902 S.W.2d 57, 59 (Tex. App.CHouston [1st Dist.] 1995, pet. ref’d)).  At a suppression hearing, the trial court is
the sole finder of fact and may believe or disbelieve any or all of the
evidence presented.  Villarreal v.
State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).








In reviewing a trial court’s ruling on a motion to suppress,
we afford almost total deference to the trial court’s determination of
historical facts that the record supports, especially when the trial court’s
findings turn on evaluating a witness=s credibility and demeanor.  State v. Ross, 32 S.W.3d 853, 856
(Tex. Crim. App. 2000).  We afford the
same amount of deference to the trial court’s ruling on mixed questions of law
and fact if resolving those ultimate questions turns on evaluating credibility
and demeanor.  Id.  We review de novo issues that are purely
questions of law, such as whether reasonable suspicion or probable cause
existed at the time of the search or seizure. 
Brooks, 76 S.W.3d at 430 (citing Guzman v. State, 55
S.W.2d 85, 89 (Tex. Crim. App. 1997)). 
If the trial court’s ruling is reasonably supported by the record and is
correct on any theory of law applicable to the case, the reviewing court will
sustain it upon review.  Villarreal,
935 S.W.2d at 138.

Probable Cause

The Fourth Amendment of the United States Constitution and
article one, section nine of the Texas Constitution guarantee individuals the
right to be free from unreasonable searches and seizures.  U.S.
Const. Amend. IV; Tex. Const. Art. I, ' 9. 
In Texas, the affidavit supporting a search warrant must state probable
cause.  Zarychta v. State, 44
S.W.3d 155, 165 (Tex. App.CHouston [14th Dist.] 2001, pet. ref’d), cert. denied, Zarychta
v. Texas, 122 S. Ct. 2312 (2002).








Whether the facts alleged in a probable cause affidavit
sufficiently support a search warrant is determined by examining the totality
of circumstances.  See Illinois v.
Gates, 462 U.S. 213, 238 (1983); Ramos v. State, 934 S.W.2d 358, 362‑63
(Tex. Crim. App. 1996).  The allegations
in a probable cause affidavit are sufficient if they would justify a conclusion
that the object of the search is probably on the premises.  Ramos, 934 S.W.2d at 363.  Only the facts found within the four corners
of the affidavit may be considered.  Jones
v. State, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), cert. denied, Jones
v. Texas, 507 U.S. 921 (1993). 
However, the magistrate is permitted to draw reasonable inferences from
the facts and circumstances alleged, and the affidavit must be interpreted in a
common sense and realistic manner.  Lagrone
v. State, 742 S.W.2d 659, 661 (Tex. Crim. App. 1987) (en banc), cert.
denied, 485 U.S. 937 (1988). 

Our after-the-fact scrutiny of the sufficiency of an
affidavit does not take the form of a de novo review; instead, we determine
whether the magistrate had a substantial basis for concluding that a search
would uncover evidence of wrongdoing.  Gates,
462 U.S. at 236; Daniels v. State, 999 S.W.2d 52, 54 (Tex. App.CHouston [14th Dist.] 1999, no
pet.).  In conducting this review, we
give great deference to the magistrate’s determination of  probable cause.  Ramos, 934 S.W.2d at 363; Daniels,
999 S.W.2d at 54.  If in a particular
case it may not be easy to determine when an affidavit demonstrates the
existence of probable cause, the resolution of doubtful or marginal cases in
this area should be largely determined by the preference to be accorded
warrants.  Lopez v. State, 535
S.W.2d 643, 647 (Tex. Crim. App. 1976).

Appellant’s
Complaint

In
a sole point of error, appellant asserts that the trial court erred in
overruling his motion to suppress evidence found during the search of appellant’s
residence.  Appellant argues that the
affidavit fails to allege sufficient facts upon which an independent magistrate
could conclude that a fair probability existed that cocaine would be at the
residence at the time the warrant was issued. 
Specifically, appellant contends that the affidavit lacks any allegation
that cocaine was being stored or sold in the residence, that the informant ever
observed contraband in the residence, or that there was supporting police
surveillance linking the contraband in the car to the residence.  We disagree with appellant’s characterization
of the contents of the affidavit.








In
the affidavit, the officer stated that the informant entered the residence,
handed the city-owned twenty dollar bill to “Sue Sue”
and in return received crack cocaine from “T” inside the residence.  Although the affidavit indicated that the
cocaine sold to the informant was not stored in the residence, “Sue Sue” directed “T” to retrieve the cocaine from the trunk of
the vehicle and bring it into the residence, where the transaction was
completed.  Appellant’s contention that
there is nothing linking the contraband to the residence ignores the fact that
the informant’s observations, and the sale of cocaine, took place inside the
residence.  Additionally, the officer=s affidavit indicated that following
the sale of the cocaine, “Sue Sue” told the informant
to come back later because she was expecting a delivery of additional cocaine
that day.  This statement, made in the
context of a drug sale in the residence, is sufficient to support the
conclusion that the residence was a site of ongoing drug activity.  

Moreover,
the officer maintained visual contact with the informant during the
transaction, and appellant does not challenge the informant’s reliability.  Given the totality of the circumstances, we
find that a reasonable inference could be drawn that cocaine would likely be
found in the residence when the warrant was obtained two days later.  See Sadler v. State, 905 S.W.2d 21, 22
(Tex. App.CHouston [1st Dist.] 1995, no pet.)
(holding that circumstances of a controlled buy, standing alone, may be
sufficient to reasonably confirm an informant’s information and give probable
cause to issue search warrant); Bodin v. State, 782 S.W.2d 258, 260
(Tex. App.CHouston [14th Dist.] 1989), rev’d on other grounds, 807 S.W.2d 313 (Tex.
Crim. App. 1991) (holding that search warrant based on informant=s controlled buy provided reasonable
basis to infer that additional drugs would be found on the premises).  We do not believe additional corroboration by
police surveillance was required.  




            Accordingly, we conclude the
affidavit supported a finding of probable cause and affirm the judgment of the
trial court.

 

 

/s/        Wanda McKee Fowler

Justice

 

 

 








Judgment rendered
and Opinion filed September 26, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).