Steven James **BODIN**, Appellant,

v.

**STATE** of Texas, Appellee.

No. C14–89–204–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 9, 1989.

Discretionary Review Granted
Feb. 14, 1990.

Frank Hughes, Crosby, for appellant.

Timothy G. Taft, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Steven James Bodin, appeals his judgment of conviction for the offense of possession of a controlled substance, methamphetamine, less than 28 grams. TEX.REV.CIV.STAT.ANN. 4476–15 § 4.04(b). (Vernon Supp.1989). After his motions to suppress and to disclose the identity of a confidential informant were denied, appellant waived a trial by jury and pled guilty to the Court. The Court found appellant guilty and assessed punishment at 17 years confinement in the Texas Department of Corrections pursuant to a plea bargain agreement between the State and appellant. We affirm.

Appellant brings two points of error in which he urges the trial court erred in (1)

overruling his motion to suppress evidence seized from the person of appellant; (2) overruling his motion to require the State to identify the confidential informant.

A factual summary of the evidence adduced at the hearing on appellant's motion to suppress and his motion to identify the informant is as follows. Officer Virgil Price of the Houston Police Department testified he and his partner, Officer Mitchell, put together a controlled buy of narcotics on September 7, 1988, after receiving information from a confidential informant that appellant was engaged in drug trafficking at appellant's residence, located at 8800 Hammerly, apartment No. 810, Houston, Texas. Officers Price and Mitchell gave their confidential informant twenty-five dollars and watched him go inside appellant's apartment. Price stated the informant emerged four or five minutes later with the methamphetamine just purchased from appellant. The informant provided Price with a description of appellant. Price then prepared an affidavit and search warrant which was later approved and signed by Judge Kolenda.

Officers Price and Mitchell executed the warrant on September 8, 1988, along with two other Houston Police Department Officers, Bortosh and Lyles. Bortosh testified that, upon entry, he encountered appellant getting out of bed. Bortosh then found in the left front pocket of the pants appellant was wearing a magnetic key box containing a plastic bag which held two and one-half grams of methamphetamine.

In his first point of error, appellant contends the trial court erred in failing to suppress the seized methamphetamine because the warrant was issued upon a faulty affidavit. Specifically, appellant complains the affidavit supporting the search warrant is insufficient to establish probable cause that there was methamphetamine in appellant's apartment on the basis of a single controlled buy where the informant did not observe quantities of methamphetamine beside that which he bought there. The affidavit reads, at paragraph five, as follows:

"On September 07, 1988, your affiant personally met with a credible and reliable confidential informant. Said informant told your affiant that: on this date the informant bought one half gram of meth (methamphetamine) from a white male known to the informant as Steve and that Steve lives in apartment 810 at Hammerly."

"Officers VR Price and EW Mitchell on this date conducted a controlled buy of meth using an informant that these officers have used in the past and have found that the informant has always provided honest and truthful information. Officer Price gave the informant twenty-five dollars of City buy money and both officers watched the informant go to apartment 810 and return to officers giving officer Price the purchased meth."

■ In reviewing the ruling on a motion to suppress evidence obtained in a search, the appellate court views the evidence in a light most favorable to the trial court's ruling, as the trial judge is the sole fact-finder and is entitled to believe or disbelieve any or all of the testimony. *Clark v. State*, 548 S.W.2d 888, 889 (Tex.Crim.App. 1977). Further, unless there is a clear showing of abuse of discretion, a trial court's ruling on admissibility of the evidence will not be reversed. *Williams v. State*, 535 S.W.2d 637, 639–40 (Tex.Crim. App.1976).

■ We find the trial court did not abuse its discretion. In *United States v. Ventresca*, 380 U.S. 102, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965), the U.S. Supreme Court held that "courts should not invalidate warrant[s] by interpreting affidavit[s] in a hypertechnical, rather than a common sense manner." *E.g., Illinois v. Gates*, 462 U.S. 213, 237, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983); See *Cassias v. State*, 719 S.W.2d 585, (Tex.Crim.App.1986) for the proposition that "A search warrant affidavit must be read in a commonsense and realistic manner, and reasonable inferences may be drawn from the facts and circumstances contained within its four corners." 719 S.W.2d at 587–88. That the affidavit in the case before us fails to allege the informant saw methamphetamine in appellant's apartment does not diminish the probable

cause supporting the issuance of the search warrant. The information in the affidavit that methamphetamine was purchased in appellant's apartment provides a reasonable basis to infer that methamphetamine was located in the apartment. *Richardson v. State*, 622 S.W.2d 852, 857 (Tex.Crim. App.1981); *Turner v. State*, 543 S.W.2d 629, 630 (Tex.Crim.App.1976). Appellant's point of error one is overruled.

■ In his second point of error, appellant submits the trial court erred in overruling his motion to require the State to identify the confidential informant. In his brief, appellant cites Tex.R.Crim.Evid. 508(c)(2) and urges that the trial judge abused her discretion by not ordering either the disclosure of the identity of the informant or, in the alternative, that she did not give the public entity an opportunity to show, in camera, facts relevant to guilt or innocence to determine whether the informant can, in fact, supply such testimony.

Tex.R.Crim.Evid. 508(c)(2) provides:

"*If it appears from the evidence* in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issues of guilt, innocence and the public entity invokes the privilege, the judge shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, *in fact*, supply that testimony ..." (our emphasis).

Rule 508(c)(2) appears to contemplate that if the trial judge finds the informant can, in fact, provide such testimony, then the State will either disclose the identity of the informant or the charges will be dismissed. *Thompson v. State*, 741 S.W.2d 229, 231 (Tex.App.—Fort Worth 1987, no pet.)

In *Rovario v. United States*, 353 U.S. 53, 54, 77 S.Ct. 623, 624, 1 L.Ed.2d 639 (1957), the U.S. Supreme Court articulated three factors relevant to an evaluation of the necessity for disclosure of the name of an informant:

"The name of the informant should be disclosed where the informer (1) partici-pated in the offense; (2) was present at the time of the offense or arrest, or (3) was otherwise shown to be a material witness to the transaction or as to whether appellant knowingly committed the act charged." *Rovario*, 353 U.S. at 54, 77 S.Ct. at 624.

In the case before us, there was nothing in the record to show the informant participated in the offense or was present at the time of either the offense or arrest or was a material witness.

Appellant took the stand and testified that a man by the name of James brought drugs into his apartment on September 7, 1988. Appellant explained that he and James had a mutual friend, by the name of Gerald, who was in the hospital. Appellant further stated James did some drugs when appellant was in his bedroom and that James left fifteen minutes later. Appellant then noticed a key box sitting on his kitchen table (which was subsequently found by Officer Bortosh to contain the methamphetamine.) Appellant testified that he assumed James had left the key box containing the methamphetamine. Appellant placed the key box in his pocket, meaning to return it to James, when the police entered his apartment with their search warrant. We note appellant testified that it was James who left the key box behind in appellant's apartment. The person appellant requires to prove his innocence is James. Since appellant stated that it was his intention to return the key box to James, then presumably appellant not only knows James' identity but appellant also knows where to find James.

■ With respect to the need for an in camera hearing, that is a request which can only be made by the public entity. It is uncontroverted that this was not done in this case. *See Hall v. State*, 778 S.W.2d 473 (Tex.App.—Houston [14th Dist.] 1988, pet ref'd).

Rule 508(c)(2) operates in the following manner:

1) *If it appears from the evidence* in the case or from other showing by a party that an informer *may* be able to give

testimony necessary to a fair determination of the issues of guilt or innocence, and

2) the public entity invokes the privilege;

3) the judge *shall* give the public entity an opportunity to show, in camera, facts relevant to determining whether the informer can, in fact, supply that testimony.

In our case, the trial court was apparently satisfied that the confidential informant was not able to provide testimony necessary to a fair determination on the issue of guilt or innocence of appellant. It was not necessary for the state to invoke the privilege and ask the court to conduct an in camera hearing to determine whether the informer could, *in fact*, supply such testimony.

We find the trial court did not abuse its discretion in overruling appellant's motion to require the State to identify the confidential informant. Appellant's point of error two is overruled.

The judgment of the trial court is affirmed.