Paul Ray Davis v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-022-CR

Â Â Â Â Â PAUL RAY DAVIS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â v.

Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 23,772CR
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â 
Â Â Â Â Â Â Paul Ray Davis appeals his judgment of conviction for possession of a controlled
substance, namely methamphetamine. After the motion to suppress challenging the search of
his residence was denied, he pled guilty to the court pursuant to a plea bargain. The court
found Davis guilty and assessed punishment at 8 years in prison, which was probated and he
was fined $500.00. In his sole issue on appeal, he contends the trial court erred in denying his
motion to suppress. We disagree. The ruling of the trial court is affirmed.Â 
Facts
Â Â Â Â Â Â On May 19, 1998, Davisâs residence was searched by Ellis County law enforcement
agents pursuant to a search warrant issued by an Ellis County magistrate. Contraband was
found in the residence and Davis was arrested. Davis filed a pretrial motion to suppress
challenging the search of his premises on the basis that the affidavit supporting the search
warrant did not provide probable cause to conclude that contraband would be at the suspected
premises at the time the warrant was issued. The trial court denied Davisâs motion.
Â Â Â Â Â Â On appeal, Davis contends the trial court erred in overruling his motion to suppress the
evidence found by police in a search of his residence. In searching the home, the police
executed a warrant that was issued upon the affidavit of a police officer who had relied upon
information from an informant and his personal observation of an earlier âcontrolled buyâ. 
Davis argues that this affidavit lacked sufficient facts to establish probable cause to support the
magistrateâs issuance of the warrant. The affidavit presented in support of the search warrant
outlined the following facts as probable cause to search (abbreviations and diction as in
original):
Within the past (72) seventy two hours preceding May 18, 1998 at
approximately 4:00 P.M. Affiant L. Jefferson of the Southeast
Metroplex Task Force, met with a C.I. at predesignated location. The
confidential informant was searched for any and all contraband by the
affiant. None was found. This confidential informant has provided
reliable and accurate information to the affiant about narcotics trafficking
on at several different times for Ferris Police Department. Each time the
information proved to be true and was corroborated by independent
source. The affiant gave the C.I. twenty dollars in cash ($20.00) to
purchase methamphetamines with from suspected party at the residential
structure located at 500 F.M. 983 in Ellis County Texas. The affiant
drove the C.I. to that location. The affiant observed the C.I. knock on
the back door and then enter. A few minutes later the affiant observed
the C.I. exited from the rear of the residence and returned back to the
covert vehicle. At which time the C.I. handed the affiant a small baggie
of a brown crystal like substance. Affiant field tested the substance for
the presence of methamphetamines. The test results showed positive.
Â 
Â Â Â Â Â Â The contraband which was discovered as a result of the search was evidence presented 
by the State at Davisâs trial in support of his conviction. 
Sole Issue -Sufficiency of the Affidavit
Â Â Â Â Â Â In his sole issue, Davis argues that the evidence obtained pursuant to the search warrant
should have been suppressed because the affidavit supporting the search warrant did not state
sufficient facts to constitute probable cause for the search.
Â Â Â Â Â Â We must conduct a "de novo" review of probable cause, and deference is to be given to
the issuing magistrate's original decision that probable cause existed. See Burke v. State, Nos.
10-99-260-CR and 10-99-261-CR (Tex. App.âWaco, August 30, 2000, no.pet.h.); State v.
Escobar, 764 S.W.2d 570, 572 (Tex. App.âHouston [1st Dist.] 1989, pet. ref'd). In
reviewing the sufficiency of the affidavit, we determine whether the magistrate, considering
the totality of the circumstances, had a substantial basis for concluding that a search would
uncover evidence of wrongdoing. Illinois v. Gates, 462 U.S. 213, 236, 103 S. Ct. 2317,
2331, 76 L. Ed. 2d 527 (1983).
Â Â Â Â Â Â No search warrant may issue unless supported by an affidavit setting forth substantial facts
establishing probable cause for its issuance. See Tex. Code Crim. Proc. Ann. arts. 1.06,
18.01(b) (Vernon Supp. 2000). Probable cause to support the issuance of a search warrant
exists when the facts submitted to the magistrate are sufficient to justify a conclusion that the
object of the search is probably on the premises at the time the warrant is issued. See Cassias
v. State, 719 S.W.2d 585, 587 (Tex. Crim. App. 1986). Only the facts found within the four
corners of the affidavit may be considered. See Jones v. State, 833 S.W.2d 118, 123 (Tex.
Crim. App. 1992). Reasonable inferences may be drawn from the affidavit, however, and the
affidavit must be interpreted in a common sense and realistic manner. See Lagrone v. State,
742 S.W.2d 659, 661 (Tex. Crim. App. 1987). The magistrate is not required to find proof
beyond a reasonable doubt or by a preponderance of the evidence, but only a probability that
contraband or evidence of the crime will be found in a particular place. Johnson v. State, 803
S.W.2d 272, 288 (Tex. Crim. App. 1990), revâd on other grounds; Heitman v. State, 815
S.W.2d 681, 685 (Tex. Crim. App.1991).
Â Â Â Â Â Â In Richardson v. State, the Court of Criminal Appeals found adequate probable cause to
authorize the issuance of a search warrant when the affiant swore that he was an eyewitness to
the events immediately preceding and following the informantâs purchase of marijuana at the
appellantâs home and the affiant further swore that he had in his possession a baggy containing
a green leafy plant substance procured from the appellantâs home by the informant. 
Richardson v. State, 622 S.W.2d 852, 857 (Tex. Crim. App. 1981). In Sadler v. State, the
court held that the circumstances of a controlled buy, standing alone, may corroborate an
informantâs tip and provide probable cause to issue a warrant. Sadler v. State, 905 S.W.2d 21,
22 (Tex. App.âHouston [1st Dist.] 1995, no pet.). In a case similar to the facts in ours, an
appellate court held that the affidavit was based on probable cause even though it did not state
that the informant saw methamphetamine in the appellantâs apartment beyond that which was
purchased by the informant. See Bodin v. State, 782 S.W.2d 258, 259-60 (Tex.
App.âHouston [14th Dist.] 1989), revâd on other grounds, 807 S.W.2d 313 (Tex. Crim. App.
1991). In Bodin, an informant told an officer that he had purchased a half of a gram of
methamphetamine in the appellantâs apartment. Other officers verified that informantâs
statement with a controlled buy in the apartment. The court held that this information in the
affidavit was sufficient to infer that methamphetamines were located in the apartment. Bodin,
782 S.W.2d at 259-60.
Application
Â Â Â Â Â Â Â Here, the affidavit supporting the search warrant detailed a controlled buy of
methamphetamines from the place to be searchedâ500 F.M. 983 in Ellis County. The affiant
was an officer with the Southeast Metroplex Task Force. The affidavit stated that the
informant was searched by the affiant for contraband and then given twenty dollars to purchase
drugs from a suspect inside Davisâs residence. The affiant swore that the informant was
known by him to be a credible and reliable person. The affidavit stated that the affiant
observed the informant enter Davisâs residence and exit a few minutes later with a bag of
methamphetamines. The affiant then field tested the substance in the bag to verify that it was
in fact methamphetamines. The results were positive. However, a chemical test or other
âproof positiveâ that the substance observed was in fact contraband is not necessary to
establish probable cause. Cassias, 719 S.W.2d at 589. 
Â Â Â Â Â Â The facts before the magistrate, interpreted in a realistic and common-sense manner,
supported the inference that methamphetamines were readily available for sale within the place
named in the warrant. There were facts within the four corners of the affidavit from which a
reasonable person could infer that the informant had purchased methamphetamines inside the
place named in the search warrant. We find the affidavit supports a finding of probable cause
to search Davisâs residence at 500 F.M. 983.
Â Â Â Â Â Â Davis also argues that the police lacked probable cause because they could not be certain
that more drugs were in the house after the informant made his controlled buy. Where facts
and circumstances within the knowledge of a police officer, arising from a reasonably
trustworthy source, would warrant a person of reasonable caution in the belief that items of
contraband or evidence of a crime may presently be found in a specified place, there is
probable cause to issue a warrant to search that place. Cassias, 719 S.W.2d 587. Here, the
affiant, a police officer, personally observed the informant purchasing the methamphetamine
from Davisâs residence. The search warrant was issued less than twenty-four hours after the
controlled buy took place. Therefore, the magistrateâs determination that contraband could be
located within the place to be searched at the time the warrant was issued was reasonable and
supported by the facts in the affidavit. Thus, the trial court did not err in denying Davisâs
motion to suppress.
Conclusion
Â Â Â Â Â Â Having overruled Davisâs sole contention on appeal, we affirm the judgment.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â TOM GRAY
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Before Chief Justice Davis,
Â Â Â Â Â Â Justice Vance, and
Â Â Â Â Â Â Justice Gray
Affirmed
Opinion delivered and filed August 30, 2000
Publish



ot be found.

The jury could reasonably conclude that Stacey
(1) forcibly restricted Robinsons liberty without his consent by beating him,
binding him with rope, and confining him to his truck; and (2) intended to
prevent RobinsonÂs liberation by secreting him in a place where he was not
likely to be found.Â  See Tex. Pen. Code Ann. Â§ 20.01(2)(A)-(B); see also Hines v. State,
75 S.W.3d 444, 447 (Tex. Crim. App. 2002); Megas v.
State, 68 S.W.3d 234,
240-41 (Tex. App.ÂHouston [1st Dist.] 2002, pet. refÂd); Price v. State,
35 S.W.3d 136, 140-41 (Tex. App.ÂWaco 2000, pet. refÂd).

Summary

Viewing all the evidence in the light
mostÂ favorable to the verdict, the jury could reasonably conclude, beyond
a reasonable doubt, that Stacey committed the offenses of aggravated robbery
and kidnapping.Â  See Curry
v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000) (citing Jackson
v. Virginia, 443
U.S. 307, 318-19, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979)).Â 
The proof of guilt is not so weak norÂ the conflicting evidence so strong
as to render the juryÂs verdict clearly wrong or manifestly unjust.Â  Watson v. State, 204 S.W.3d 404, 414-15 (Tex.
Crim. App. 2006); Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim.
App. 2000).

Trial Error

Â Â Â Â Â Â Â Â Â Â Â  We first note that any errors committed during voir dire
have not been preserved.Â  The record does not establish that Stacey exercised his peremptory challenges on
any venire member whom the trial court failed to excuse for cause.Â  See Johnson v. State, 43 S.W.3d 1, 5-6 (Tex. Crim. App. 2001).Â  Nor does the record contain any other objections by the defense. Â See
Tex. R. App. P. 33.1.

We next note that no appealable
errors arise from trial on the merits.Â  The State agreed to withdraw two
photographs to which the defense objected.Â  The trial court sustained several
of the defenseÂs objections, but the defense requested no instruction to
disregard.Â  See Wilson v. State, 179 S.W.3d 240, 256 (Tex. App.ÂTexarkana 2005, no pet.)
(citing Nethery v. State, 692 S.W.2d 686, 701 (Tex. Crim.
App. 1985)).

The trial court properly overruled
StaceyÂs objection to HundleyÂs testimony that he believed Robinson would be
killed or at least taken to a place where he would not be found.Â  See Tex. R. Evid. 701; see also Cortez v. State, No.
02-05-00147-CR, 2006
Tex. App. LEXIS 4998,Â at *24-27 (Tex. App.ÂFort Worth June 8, 2006, pet.
refÂd)Â (not designated for publication).Â  The trial court also properly overruled StaceyÂs objection
that SpohnÂs understanding of the legal definition of a deadly weapon called
for a legal conclusion.Â  See Whittington v. State, 781 S.W.2d 338, 341 (Tex.
App.ÂHouston [14th Dist.] 1989, pet. refÂd); see also Berry v. State, No. 05-03-00441-CR, 2004
Tex. App. LEXIS 1174, at *9 (Tex. App.ÂDallas Feb. 6, 2004, no pet.) (not
designated for publication).

Â 

Â 

JURY CHARGE ERROR

When reviewing a jury
charge, we first examine the charge for error. Â See Ngo v.
State, 175
S.W.3d 738, 743 (Tex. Crim. App. 2005) (citing Middleton
v. State, 125
S.W.3d 450, 453 (Tex. Crim. App. 2003)).Â  If error occurred, we
then decide whether the error caused harm.Â  See id.Â  When, as here, an
appellant fails to object to the charge at trial, he must show egregious harm
to prevail on appeal. Â See id. at 743-44; see
also Almanza
v. State, 686
S.W.2d 157, 171 (Tex. Crim. App. 1985).Â  ÂErrors that result in
egregious harm are those that affect Âthe very basis of the case,Â Âdeprive the
defendant of a valuable right,Â or Âvitally affect a defensive theory.ÂÂÂ  Ngo, 175 S.W.3d at 743
(quoting Hutch
v. State, 922
S.W.2d 166, 171 (Tex. Crim. App. 1996)).Â  To determine whether Âerror
was so egregious that a defendant was denied a fair and impartial trial,Â we examine:
(1) the entire jury charge; (2) the state of the evidence; (3) the arguments of
counsel; and (4) any other relevant information in the record.ÂÂ  Id. at 750 n.48; Almanza, 686 S.W.2d at 171.Â  

The trial court omitted an application
paragraph on law of the parties after including such law in the abstract portion of the
jury charge. Â This constitutes
error.Â  See Campbell v. State, 910 S.W.2d 475, 477 (Tex. Crim. App.
1995).Â  However, because the evidence supports StaceyÂs conviction
as the principal actor, he did not suffer egregious harm from the trial courtÂs
error.Â  See Ladd
v. State, 3 S.W.3d
547,Â 564-65 (Tex. Crim. App. 1999); see also Cadena v. State,
No. 13-03-00485-CR, 2004 Tex. App. LEXIS 6842, at *5-6 (Tex. App.ÂCorpus Christi July 29, 2004, no pet.)Â (not designated for publication); Davis v. State,
No. 05-06-00527-CR, 2007 Tex. App. LEXIS 4577,Â at *6-7
(Tex. App.ÂDallas June 13, 2007, no pet.)Â (not designated for publication).

Independent
Review

Having
conducted an independent review of the record, we find this appeal to be wholly
frivolous.Â  We affirm the
judgment.

CounselÂs
request that he be allowed to withdraw from representation of Stacey is
granted.Â  Counsel has already notified Stacey of his right to file a pro se
petition for discretionary review as part of his Âeducational burdensÂ he
satisfied when filing his Anders brief.Â  The Court of Criminal Appeals
has validated this method of notification used by counsel.Â  See In re
Schulman, 252 S.W.3d 403, 412 n.34 (Tex. Crim. App. 2008); see also Meza
v. State, 206 S.W.3d 684, 689 n.23 (Tex. Crim. App. 2006).Â  Nevertheless, pursuant to Rule of Appellate Procedure
48.4, counsel must: (1) send Stacey a copy of our decision; (2) notify
Stacey of his right to file a pro se petition for discretionary review;
and (3) provide Âa letter [to this Court] certifying his compliance with this
rule.ÂÂ  See Tex. R. App.
P. 48.4; see also Meza v. State, 206 S.W.3d 684, 689 n.23 (Tex.
Crim. App. 2006);
Schulman, 252 S.W.3d at 409 n.22.

Â 

Â 

FELIPE REYNA

Justice

Â 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

(Chief
Justice Gray concurring)

Affirmed

Opinion
delivered and filed May 13, 2009

Do not publish

[CRPM]









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The indictment
alleged aggravated kidnapping, but the jury found Stacey guilty of the lesser included
offense of kidnapping.

Â