COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
 JUAN CARLOS BANAL,
  
                            
 Appellant,
  
 v.
  
 THE STATE OF TEXAS,
  
                            
 Appellee.
 
 
  
   '
     
   '
     
   '
     
   '
     
   '
     
  '
 
  
 
 
  
  
                   No. 08-11-00032-CR
  
 Appeal from the
  
 Criminal
 District Court No. 4
  
 of Tarrant
 County, Texas
  
 (TC#1186848D)
  
 
 


 

 

                                                                  O
P I N I O N

Appellant, Juan Carlos Banal, appeals his
conviction of unlawful possession of cocaine with intent to deliver, in an
amount of four hundred grams or more.  
On appeal, Appellant raises four issues for our review.   We
affirm.

BACKGROUND








In
January 2010, based on a tip from a confidential informant that cocaine was
being trafficked from a garage apartment located at 2224 Prairie Avenue in Fort
Worth, Tarrant County, Texas, Fort Worth Police Officer Alfredo Dominguez
conducted surveillance on the residence to determine whether drug activity was
occurring.  After surveillance of the
residence was complete, on January 12, 2010, Officer Dominguez used a
confidential informant to make a controlled buy.  That same day, with information that a
Hispanic male named Alex Avalos was dealing cocaine out of the dwelling, Office
Dominguez went undercover to make an undercover buy.  At trial, Officer Dominguez testified that on
January 12, 2010, he went to the garage apartment, knocked on the door, which
was answered by a Hispanic female, and asked for Alex.  Alex came to the door and asked Officer Dominguez
what he wanted.  Officer Dominguez
responded that he wanted two “twenties.”[1]
 Alex then called for someone named
Carlos.[2]  Officer Dominguez testified that Alex asked Carlos
if he knew Officer Dominguez and Carlos indicated that he did.  Alex then left the room and came back and
handed Carlos two plastic baggies.  Carlos
handed Officer Dominguez the baggies and took his money.

Based
on the foregoing information, Officer Dominguez obtained a search warrant for
the residence, which was executed on January 13, 2010.  Inside the residence, police encountered and
detained Alex Avalos, Appellant, and a Hispanic female.  In the bedroom where Alex Avalos was
detained, Officer Dominguez observed plastic baggies containing a white powder
substance on top of a shelf as well as inside a jacket that was next to the bed.  In the same room, Officer Dominguez also
observed a digital scale, and empty plastic baggies.  Cooperating with police, Avalos indicated
that there was additional contraband inside of the mattress.  Officer Dominguez observed Officer Clark
stick his hand inside the mattress and pull out plastic baggies containing
cocaine.

A
total of $1,798 was found in the bedroom where Avalos was detained.  Officer Dominguez testified that based on his
training and experience, he believed that the person in possession of the
contraband had the intent to deliver.  Officer
Dominguez testified that no drugs, contraband, or cash was found in the bedroom
where Appellant was detained.  At trial,
Sharon Patton, a drug chemist for the Fort Worth Police Department Crime Lab
testified that the plastic bags submitted for analysis contained cocaine in an
amount exceeding 400 grams.  She also
testified that one bag submitted for testing contained 2.15 grams of
marijuana.  Appellant’s cousin, Alex Avalos,
testified for the defense.  Avalos
testified that Appellant and his girlfriend lived with Avalos.  Avalos also admitted that he sold drugs from his
residence.  On cross-examination, Avalos testified
that Appellant helped Avalos sell drugs when Avalos was not home or when
Appellant’s friends came over to their residence.[3]  Avalos stated that when the police came to
their residence, the day before the major raid, Avalos had taken a small bag of
cocaine out his jacket and handed it to Appellant to give to the police.

Appellant
entered a plea of not guilty, the jury convicted Appellant of possession with
intent to deliver 400 grams or more of cocaine, and the trial court sentenced
Appellant to fifteen years’ confinement. 
This appeal followed.

DISCUSSION

In four
issues, Appellant contends that: (1) the trial court erred by denying his
motion to suppress the evidence obtained pursuant to a search warrant; (2) the
trial court erred by admitting evidence of an extraneous offense in the State’s
case-in-chief; (3) the evidence was insufficient to support his conviction; and
(4) the trial court erred in assessing a fine after notice of appeal had been
given.




 

Motion to Suppress

            In Issue One, Appellant
complains that the trial court erred by denying his motion to suppress evidence
found pursuant to a search warrant because the search warrant affidavit failed
to meet the minimum requirements to establish probable cause.

Standard
of Review & Applicable Law

We review a trial court’s ruling on a motion to
suppress evidence under a bifurcated standard of review.  Amador
v. State, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We give almost total deference to a trial
court’s rulings on questions of historical fact and application-of-law to fact
questions that turn on an evaluation of credibility and demeanor, but we review
de novo application-of-law to fact
questions that do not turn on credibility and demeanor.  Amador,
221 S.W.3d at 673; Estrada v. State,
154 S.W.3d 604, 607 (Tex. Crim. App. 2005).

On appeal, our review of an affidavit supporting a
search warrant is not de novo as we
give great deference to the magistrate’s probable cause determination.  Illinois
v. Gates, 462 U.S. 213, 236-37, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); Rodriguez v. State, 232 S.W.3d 55, 61
(Tex. Crim. App. 2007) (a highly deferential standard is applied on appellate
review of the magistrate’s decision to issue a warrant applying in accordance
with the constitutional preference for a warrant.).  The Texas Court of Criminal Appeals has characterized
the standard of review as “flexible and non-demanding[.]”  State
v. McLain, 337 S.W.3d 268, 272 (Tex.Crim.App. 2011).

We
consider the totality of the circumstances set forth within the four corners of
an affidavit to determine whether sufficient facts have been presented to
support probable cause for the issuance of a search warrant.  Gates,
462 U.S. at 238; State v. Bradley,
966 S.W.2d 871, 873 (Tex. App. – Austin 1998, no pet.).  A search warrant will be found sufficient if,
considering the totality of the circumstances shown in the affidavit, the
magistrate had a substantial basis for determining that probable cause existed.
Swearingen v. State, 143 S.W.3d 808,
810-11 (Tex. Crim. App. 2004); Nichols v.
State, 877 S.W.2d 494, 497 (Tex. App. – Fort Worth 1994, pet. ref’d).

Probable
cause exists when the facts presented to a magistrate sufficiently justify a
determination that the object of the search is probably on the premises to be
searched when the warrant is issued.  Cassias v. State, 719 S.W.2d 585, 587
(Tex. Crim. App. 1986); Bradley, 966
S.W.2d at 873.  The trial court should
review the affidavit in a common sense and realistic manner instead of a
hypertechnical one and make reasonable inferences from the information
contained within the affidavit.  Rodriguez, 232 S.W.3d at 59, 61; see also Davis v. State, 202 S.W.3d 149, 154 (Tex. Crim. App. 2006)
(affidavit must be read with common sense and in a realistic manner).  In cases of doubt, we must defer to all
reasonable inferences that the magistrate could have made.  Rodriguez,
232 S.W.3d at 61.

Appellant asserts that the search warrant affidavit
is insufficient because it contained no allegation that anyone would be in
possession of cocaine at the time the search warrant was to be issued.  According to the affidavit, after receiving a confidential tip in
January 2010 that narcotics were being trafficked from a garage apartment
located at 2224 Prairie Avenue, Officer Dominguez conducted surveillance on the
location.  Officer Dominguez observed
short-term vehicle and pedestrian traffic consistent with narcotics
trafficking.  The affidavit also recites that
Officer Dominguez directed a confidential informant to go to the apartment and
attempt to purchase cocaine on January 12, 2010.  Officer Dominguez conducted surveillance on
the controlled buy.  The informant came
back with cocaine and stated that he had purchased it from a man named Alex
Avalos.

The
affidavit further details that on the same day as the informant’s controlled
buy, Officer Dominguez drove to the apartment, knocked on the door, asked for
Alex, and then asked Alex for two “twenties.” 
Officer Dominguez handed a Hispanic male two twenty-dollar bills and
received two small plastic baggies of cocaine. 
Officer Dominguez’s affidavit states that he observed two people who
appeared to be acting as lookouts.  Based
on the facts set forth in the affidavit, the magistrate could have reasonably
inferred that more cocaine would be found at the residence to be searched.  See
Davis v. State, 27 S.W.3d 664, 667-68 (Tex. App. – Waco 2000, pet ref’d.)
(facts in affidavit supported inference that contraband were readily available
for sale within residence where affiant described controlled buy); Sadler v. State, 905 S.W.2d 21, 22 (Tex.
App. – Houston [1st Dist.] 1995, no pet.) (controlled buy, standing alone, may
be sufficient to give probable cause to issue search warrant).

Under
the totality of the circumstances and permitting all reasonable inferences, we
conclude that there was a substantial basis for the magistrate to conclude that
probable cause existed for the issuance of a search warrant to search the garage
apartment for cocaine.  See Gates, 462 U.S. at 238-39.  While the affidavit failed to state that the
informant or affiant saw additional contraband in the residence to be searched,
the magistrate could have reasonably inferred that additional contraband would
be found in the residence from the facts set forth in the affidavit.  See id.; see also Bodin v. State, 782 S.W.2d
258, 259-60 (Tex. App. – Houston [14th Dist.] 1989), rev’d on other grounds, 807 S.W.2d 313 (Tex. Crim. App. 1991)
(holding that search warrant based on informant’s controlled buy provided
reasonable grounds to infer that additional contraband would be located inside
apartment).  Accordingly, based on the
applicable standard of review, we find the trial court did not abuse its discretion
in denying Appellant’s motion to suppress. 
Issue One is overruled.

Admission of Extraneous Offense Evidence

In Issue Two, Appellant challenges the trial court’s
admission of an extraneous drug offense. 
The State maintains the extraneous offense evidence was properly
admitted to show Appellant’s knowledge of the cocaine located inside the
apartment and his intent to deliver it.

The trial court has wide discretion in deciding whether to admit
or exclude evidence of an extraneous drug offense.  Sauceda v. State, 129 S.W.3d 116, 120 (Tex. Crim. App. 2004); Montgomery v. State, 810 S.W.2d 372,
390-93 (Tex. Crim. App. 1990) (opin. on reh’g). 
The trial court’s ruling is reviewed under an abuse of discretion
standard.  Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App. 2003).  As
long as the trial court’s decision lies within the zone of reasonable
disagreement, we will affirm the trial court’s decision.  Id.; Montgomery, 810 S.W.2d at 391.

Rule
404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to show
character conformity.  Tex. R. Evid. 404(b); Page v. State, 137 S.W.3d 75, 78 (Tex.
Crim. App. 2004).  For extraneous
offense evidence to be admissible under Rule 404(b), the evidence must be
relevant to a fact of consequence in the case apart from its tendency to prove
conduct in conformity with character.  Johnston v. State, 145 S.W.3d 215, 220
(Tex. Crim. App. 2004).  Evidence of extraneous evidence may be
admissible for purposes other than to show character conformity, such as proof
of motive, opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake.  Tex. R. Evid. 404(b); Prible v. State, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005); Carter v. State, 145 S.W.3d 702, 707
(Tex. App. – Dallas 2004, pet. ref’d).

Appellant
was charged with intentionally or knowingly possessing cocaine with intent to
deliver.  The extraneous offense evidence
showed that Appellant sold and delivered cocaine to Officer Dominguez during an
undercover buy which took place on January 12, 2010, the day before the search
warrant was executed.  This extraneous
drug offense evidence was relevant to show that Appellant had knowledge of the
cocaine located within the residence and possessed it with intent to
deliver.  See Arnott v. State, 498 S.W.2d 166, 176-77 (Tex. Crim. App. 1973)
(evidence that defendant recently sold drugs is generally relevant to show his
knowing possession of a controlled substance); Mason v. State, 99 S.W.3d 652, 656 (Tex. App. – Eastland 2003, pet.
ref’d) (no abuse of discretion in admitting subsequent extraneous drug offense
evidence to show defendant knowingly possessed cocaine); Payton v. State, 830 S.W.2d 722, 730 (Tex. App. – Houston [14th Dist.]
1992, no pet.) (evidence that defendant sold drugs two days before his arrest
was relevant to show whether he possessed drugs with intent to deliver).  Therefore, we conclude the trial court did not
abuse its discretion by admitting the extraneous drug offense evidence.  See Tex. R. Evid. 404(b); Id. 
Issue Two is overruled.

Legal Sufficiency

In Issue Three, Appellant contends that the evidence was
insufficient for the jury to find him guilty. 
By relying on
his arguments in Issue Two, Appellant essentially argues that but for the erroneously
admitted extraneous drug offense evidence, the evidence would have been insufficient
to support his conviction.

Standard of Review

In assessing the legal sufficiency of the evidence to support a
criminal conviction, we review all the evidence in the light most favorable to
the verdict to determine whether any rational jury could have found the
essential elements of the offense beyond a reasonable doubt.[4]
 Jackson v. Virginia, 443
U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 895 (Tex. Crim. App.
2010); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007).  The jury is the sole judge of the weight and
credibility of the witnesses.  Brooks, 323 S.W.3d at 899.  It is the role of the jury to resolve any
conflicts of testimony and to draw rational inferences from the facts.  Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim. App.
2007).  It is our duty to determine if the necessary inferences are rational by
viewing all the evidence admitted at trial in the light most favorable to the
verdict.  Id. at 16-17.  We do not overturn a verdict unless it is
irrational or unsupported by proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).  The standard of review is the same for both
direct and circumstantial evidence cases. Geesa v. State, 820 S.W.2d
154, 158 (Tex. Crim App. 1991), overruled
on other grounds, Paulson v. State, 28 S.W.3d 570 (Tex. Crim. App. 2000).

Possession of a Controlled Substance with Intent
to Deliver

A person commits an offense if he “knowingly manufactures,
delivers, or possesses with intent to deliver a controlled substance listed in
Penalty Group 1.”  Tex. Health & Safety Code Ann. §
481.112(a) (West 2010).  Cocaine is
listed as a controlled substance under “Penalty Group 1.”  Id.
§ 481.102(3)(D) (West 2010).  Appellant relies on his arguments
in Issue Two, and essentially argues that but for the erroneously admitted
extraneous drug offense evidence, the evidence adduced at trial would have been
insufficient to support his conviction.  We disagree.

Because the jury was permitted to consider the extraneous drug
offense evidence, we consider that evidence in our sufficiency analysis.  Moff,
131 S.W.3d at 488.  The jury had the
right to accept or reject all or any part of Officer Dominguez’s testimony showing
that Appellant sold and delivered cocaine to Officer Dominguez during an
undercover buy on January 12, 2010.  See Margraves v. State, 34 S.W.3d 912,
919 (Tex. Crim. App. 2000).  Based on
this evidence, the jury could have reasonably concluded that Appellant was
guilty of possession of cocaine with intent to deliver.

Additionally, when viewed in the light most favorable to the
verdict, the testimony of Alex Avalos, which showed that Appellant helped
Avalos sell drugs out of their residence could also lead a rational jury to
conclude that Appellant was guilty of unlawful possession of cocaine with
intent to deliver.  See Johnson v. State, 23 S.W.3d 1, 14 (Tex. Crim. App.
2000) (great deference is given to the jury on deciding the weight of the
evidence and the credibility of the witnesses).  As such, we conclude the evidence was legally
sufficient to support Appellant’s conviction. 
Issue Three is overruled.

Assessment of Fine

In
Issue Four, Appellant contends that the trial court erred in assessing a fine
after sentencing and notice of appeal were given.  Appellant contends that, because a fine is
punishment, and the trial court sua
sponte added the $1,000 fine the day after his sentencing, the judgment should
be reformed to delete the fine because the fine was not orally pronounced at
Appellant’s sentencing.  Relying
on Mercado v. State, 718 S.W.2d 291 (Tex. Crim. App. 1986), the State
argues that Appellant has failed to preserve any error because he failed to
object to the procedure used by the trial court imposing the fine or to the
fine itself.  Mercado, 718 S.W.2d at 296 (holding that an
appellant cannot assert error about his sentence where he fails to object or
otherwise bring the error to the trial court’s attention).  We agree.  Here, the day after
sentencing, the trial judge informed defense counsel and Appellant in court,
that he was conforming Appellant’s sentence and was also going to assess a
$1,000 fine.  The record does not reflect
that any objection was asserted.  Because
Appellant did not object to the assessed fine, he has failed to preserve this
complaint for appellate review.  See Tex.
R. App. P. 33.1(a)(1).  Issue Four is overruled.

CONCLUSION

The
judgment of the trial court is affirmed.

                                                                        GUADALUPE
RIVERA, Justice

December 21, 2012

 

Before McClure, C.J., Rivera, J., and Antcliff, J.

 

(Do Not Publish)











[1]
At trial, Dominguez testified that a twenty is the street term for twenty
dollars’ worth of whichever drug is being sold.

 





[2]
In court, Officer Dominguez
identified Appellant as the man named Carlos who had been called to the door by
Alex.





[3]
According to Avalos’
testimony the drugs Appellant sold were the same drugs stored in Avalos’
mattress and jacket.





[4]
When conducting a sufficiency review, we are required to consider all the
evidence admitted at trial, even improperly admitted evidence.  Moff v. State, 131 S.W.3d 485,
488-90 (Tex. Crim. App. 2004).