**Affirmed as Modified and Opinion Filed October 22, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00718-CR

**LEONARD GERONIMO RENTERIA SANCHEZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F-1241227-H**

## OPINION

Before Justices FitzGerald, Fillmore, and Stoddart
Opinion by Justice FitzGerald

A jury found appellant guilty of possession of a controlled substance, methamphetamine, in an amount over 400 grams and assessed punishment at thirty years' imprisonment and a $10,000 fine. On appeal, appellant asserts the trial court erred in overruling his motion to suppress and abused its discretion in admitting testimony concerning an extraneous offense. Appellant also asserts there is insufficient evidence in the record to support the trial court's order to pay $324 in court costs, and requests that the judgment be modified to reflect the correct offense for which appellant was convicted. We modify the judgment to reflect the correct offense, and as modified, affirm the trial court's judgment.

**BACKGROUND**

A confidential informant told Investigator Andrew Chance of the Mesquite Police Department's narcotics unit that he had been contacted about purchasing a large amount of methamphetamine at 2914 Villa Sur Trail, a residence in Mesquite, Texas (the "Residence"). On June 25, 2012, based on the informant's tip, Chance sent the informant to the Residence to see if the informant could go inside. The informant did so, and confirmed that methamphetamine was in the house. Based on this information and his observation of the informant going into the Residence, Chance prepared an affidavit and obtained a combination search and arrest warrant for 2914 Villa Sur Trail.

On June 26, 2012, Chance and other officers conducted surveillance at the residence for about an hour. During this time, they observed a man later identified as Benjamin Barajas go in and out of the residence, place items in a vehicle, and then drive to a nearby bank. Chance detained Barajas at the bank and left him in the custody of other officers. Chance then returned to the Residence and executed the search and arrest warrant.

When the officers entered the Residence, they immediately smelled the overwhelming odor of raw marijuana. The odor permeated the entire Residence. They found two Hispanic men, three women, and four children in various rooms in the house. Appellant, one of the two men present, was found in the master bedroom.

The master bedroom had a door leading directly into the garage. In the garage, officers found approximately 11 pounds of methamphetamine in a large clear Tupperware container. The container had no lid and the methamphetamine in the container was drying under a fan. Officers also discovered fifteen cardboard boxes with 1,843 pounds of marijuana. The marijuana was in bundles that were wrapped in green plastic wrap. The garage also contained an industrial sized roll of the green plastic wrap, a two pound scale, and a garbage bag containing empty wrappings that were identical to the wrappings wrapped around the marijuana bricks inside the boxes.

During the search of the master bedroom, officers found dope ledgers, appellant's birth certificate, and other identifying information with appellant's name and the Residence address. The closet contained approximately $3,000 dollars in cash and a handgun with ammunition.

In searching the remainder of the rooms in the three-bedroom house, officers discovered metal sifters, vehicle titles, baggies of marijuana and cocaine, hotel door key cards, Mexican identification cards, and $38,000 in United States currency. Officers determined who was staying in which bedroom by the paperwork found in each room. Officers arrested appellant, Barajas, (whom they had brought back to the scene), a man later identified as Eduardo Montes, and the three women.

Prior to trial, appellant filed a motion to suppress the evidence seized in the search, all statements made by appellant and the testimony of law enforcement officers. The motion asserted, *inter alia,* that the magistrate was misled by false information in the affidavit, the information in the search warrant was stale, and the affidavit to support the search warrant did not reflect sufficient probable cause because "it lacked sufficient underlying circumstances to permit the conclusion that contraband was at the location where it claimed to be and failed to establish the credibility of the confidential informant."[1] At the pre-trial hearing on the motion, Chance testified and was cross-examined. No evidence was adduced concerning the allegation that the magistrate had been misled by false information. When the hearing concluded, the trial court denied the motion. Appellant re-urged the motion at trial, and again, the motion was denied.

During the trial, Investigator Prudencio Solis testified without objection that appellant and the other men arrested were part of a Mexican drug cartel called the "Knights Templar" or

---

[1] Appellant's complaint on appeal is limited to the argument that the affidavit lacked sufficient information to conclude that contraband was at the Residence.

"Cabelleros Templarios." The next day, before the jury returned, defense counsel objected to further testimony concerning appellant's involvement with the cartel. Defense counsel asserted that the cartel evidence constituted evidence of an extraneous offense that had not been disclosed prior to trial. The objection was overruled, and further testimony concerning the cartel was allowed.

## ANALYSIS

### *Motion to Suppress.*

In his first issue, appellant asserts the trial court erred in overruling his motion to suppress because the affidavit supporting the search warrant was insufficient to show probable cause for the search. Specifically, appellant contends the affidavit did not give sufficient facts to indicate where the methamphetamine was located or how appellant was connected to the premises searched or the methamphetamine.

Both the federal and Texas constitutions and Texas statutory law provide that a magistrate shall not issue a search warrant without first finding probable cause that a particular item will be found in a particular location.[2] Thus, a search warrant properly issues only when predicated upon probable cause.[3]

When the trial court determines probable cause to support the issuance of a search warrant, there are no credibility determinations; instead, the trial court is constrained to the four corners of the affidavit.[4] Accordingly, when reviewing a magistrate's probable cause determination, we apply the deferential standard of review reaffirmed by the United States

---

[2] *Rodriguez v. State,* 232 S.W.3d 55, 60 (Tex. Crim. App. 2007); U.S. CONST amend. IV; TEX. CONST. art. I, § 9; TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005).

[3] *See State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000); TEX. CODE CRIM. PROC. ANN. art. 18.01 (West Supp. 2013).

[4] *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

Supreme Court in *Illinois v. Gates*.[5] Under that standard, reviewing courts are to uphold the probable cause determination "so long as the magistrate had a substantial basis for . . . conclud[ing] that a search would uncover evidence of wrongdoing."[6] Probable cause exists when, under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location, and the facts stated in a search warrant affidavit are "so closely related to the time of the issuance of the warrant that a finding of probable cause is justified."[7] "The focus is not on what other facts could or should have been included in the affidavit; the focus is on the combined logical force of facts that are in the affidavit."[8]

In conducting our review, we may not analyze the affidavit in a hyper-technical manner; rather, we must interpret the affidavit "in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences."[9] We extend deference to the magistrate's determination to encourage the use of warrants, which "greatly reduces the perception of unlawful or intrusive police conduct."[10] This does not mean, however, that the reviewing court should be a "rubber stamp."[11] But it but does mean that "the magistrate's decision should carry the day in doubtful or marginal cases, even if the reviewing court might reach a different result."[12]

---

[5] *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004) (citing *Illinois v. Gates*, 462 U.S. 213, 234–37 (1983).

[6] *Gates*, 462 U.S. at 236; *see also McLain*, 337 S.W.3d at 271; *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010)

[7] *McLain*, 337 S.W.3d at 272.

[8] *State v. Duarte*, 389 S.W.3d 349, 354–55 (Tex. Crim. App. 2012).

[9] *McClain*, 337 S.W.3d at 271.

[10] *Gates*, 462 U.S. at 236.

[11] *Flores v. State*, 319 S.W.3d 697, 702 (Tex. Crim. App. 2010).

[12] *See id.*

The affidavit at issue here describes the Residence located at 2914 Villa Sur Trail and avers that there is a controlled substance, methamphetamine, concealed at the Residence. The affidavit states that the premises are controlled by an unidentified Hispanic male and female, and that these persons are believed to currently possess marijuana and crack cocaine at the Residence. Exhibit A to the affidavit states:

> Your Affiant is a Police Officer with the City of Mesquite and has been so employed for approximately seven years. Your Affiant is currently assigned to the Narcotics section of the Criminal Investigation Bureau of the aforementioned agency.
>
> The place and premises described in item 1 of the above is owned by the person listed and described in item 3 of the above.
>
> Over the past 72 hours, your Affiant was contacted by a Confidential Informant 11-013 in reference to a Hispanic male that is in possession of a usable amount of methamphetamine. Confidential Informant 11-013 has been used in the past and their [sic] information has proven to be reliable and credible on several occasions. Confidential Informant 11-013 advised your Affiant that that [sic] a Hispanic showed him/her the methamphetamine and it was packaged in separate plastic baggies for sale.
>
> A computer check of the residence on the Dallas Central Appraisal District shows that a female known as Donna Hutcheson is the owner of the residence located at 2914 Villa Sur in Dallas, Texas. Donna Hutcheson shows to have a different home address than that of 2914 Villa Sur in Dallas, Texas. Due to your Affiant's training and experience, this information tends to indicate that the residence located at 2914 Villa Sur is a rental property.
>
> Your Affiant has conducted computer checks of multiple data bases and has been unable to identify any person or persons associated with the address.
>
> Due to the above information, your affiant believes that there is more methamphetamine kept/concealed in the place and premises as described in item 1 of the above.

Applying the highly deferential standard of review to the magistrate's decision, we conclude the magistrate could have reasonably inferred that the "Hispanic male" showed the methamphetamine to the informant inside the Residence. Although the affidavit does not expressly state that the methamphetamine is inside the Residence, the issue is not whether there

–6–

are other facts that could have, or even should have, been included.[13] Instead, the focus is on the combined logical force of the facts in the affidavit.[14] The affidavit states that a Hispanic male is in possession of methamphetamine and showed the informant methamphetamine "which was packaged in separate plastic baggies for sale." The affidavit next relates the specifics of a computer check of the Residence searched to determine ownership, thus focusing on the residence in the two succeeding paragraphs. The affidavit concludes with the statement that the "affiant believes there is **more methamphetamine kept/concealed in the place and premises**" (emphasis added). These facts support an inference that a probability existed that the Hispanic male showed the informant the methamphetamine at the Residence and that the methamphetamine was being stored at the Residence.[15]

Appellant also argues that the description of an "Hispanic male," without any further identifying information such as height, weight, or age is insufficient to support the magistrate's probable cause determination. In support of this argument, appellant relies on *Visor v. State*.[16] The facts in *Visor*, however, are significantly different from the instant case. In *Visor*, the police arrested Visor four blocks away from the premises described in a combination search and arrest warrant. Visor did not challenge the search aspect of the warrant; she challenged her arrest. The court concluded that the arrest was invalid because the warrant described only an "unknown black female."[17] In so concluding, the court reasoned that to "construe the combination warrant to authorize the arrest of an 'unknown black female' without **further description or restriction**

---

[13] *See Rodriguez*, 232 S.W.3d at 62.

[14] *Id.*

[15] *See, e.g., Bodin v. State*, 782 S.W.2d 258, 259–60 (Tex. App.—Houston [14th Dist.] 1989), *rev'd on other gr.*, 807 S.W.2d 313 (Tex. Crim. App. 1991) (affidavit stating that methamphetamine was purchased in appellant's apartment supported reasonable inference that methamphetamine was in apartment).

[16] *Visor v. State*, 660 S.W.2d 816, 818-20 (Tex. Crim. App. 1983).

[17]*Id.* at 818-20.

**as to location** would be to approve a general warrant, which is prohibited by the federal constitution."[18]

Here, appellant is not challenging the legality of his arrest. He challenges only the legality of the search pursuant to the warrant. Therefore, *Visor* has no application to the facts in this case.

Based solely on the affidavit's four corners, we conclude the magistrate had a substantial basis for concluding, either directly or through reasonable inference, that probable cause existed to search the Residence. As a result, the trial court did not err in denying appellant's motion to suppress. Appellant's first issue is overruled.

### *Extraneous Offense.*

In his second issue, appellant argues the trial court erred in admitting extraneous offense evidence of his involvement with the Mexican drug cartel because the State failed to give notice of its intent to introduce such evidence.

During the trial, Solis testified that the department has several cases with the cartels that tie into this case. He explained that the Knights Templar is known for dealing in narcotics, specifically "meth" and marijuana. Solis explained in detail how the narcotics are brought into this country and distributed. According to Solis, appellant and the other men in the house came from Mexico to run the drug houses for the cartel. He described appellant as the "main subject in this residence," and stated that appellant had been left in charge. Solis explained that appellant holds the direct contact numbers for the people in Mexico and is in charge of the money.

Solis also described his interviews with the men who were arrested with appellant. Although appellant ran the house, there had been a disagreement over money with some of the

---

[18] *Id*. at 818 (emphasis added).

cartel leaders in Mexico. As a result, the leaders had sent Barajas to the house to assume appellant's responsibilities. Throughout Solis's testimony, counsel for appellant objected only occasionally. These objections included "nonresponsive," "no personal knowledge," "calls for speculation," and "relevance."

The next morning, defense counsel objected to testimony about the Mexican cartel as extraneous offense testimony. Counsel stated:

> I believe they keep on bringing up the drug cartel and implying my client is part of that. She's trying to say that that drug cartels are a criminal organization. She should not be allowed to do that. It was not brought up as an extraneous offense. We're asking the State be discontinued to be allowed to be bringing it up and not allowed in closing arguments.

The judge overruled the objection, stating "I believe there is already quite a bit of testimony about it on the record so anyway."

We review a ruling on the admissibility of extraneous offense testimony for an abuse of discretion.[19] But we do not review the ruling if the issue has not been preserved for appellate review.[20]

To preserve a complaint for appellate review, the record must show appellant made a timely request, objection, or motion that stated the grounds for the ruling with sufficient specificity to make the trial court aware of the complaint, unless the grounds were apparent from the context, and obtained a ruling.[21] An objection must be asserted timely.[22] In order to be considered timely, the objection must be made at the first opportunity or as soon as the basis of the objection becomes apparent.[23] Unless the defendant can show a legitimate reason for not

---

[19] *Prible v. State*, 175 S.W.3d 724, 731 (Tex. Crim. App. 2005).

[20] *See* TEX. R. APP. P. 33.1(a).

[21] *See* TEX. R. APP. P. 33.1(a); *Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).

[22] *Lagrone v. State*, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997).

[23] *Id*.

timely objecting, error is waived if an objection is made after the State has elicited the improper testimony.[24] Appellant did not object on extraneous offense grounds until after an entire day of testimony. Indeed, counsel's objection includes the tacit admission that considerable testimony on the subject had already been elicited. The basis for the objection became apparent after the State asked the first question about the cartel; thus, by waiting, appellant failed to timely object. Appellant has not demonstrated any reason for his failure to timely object. Therefore, the issue has not been preserved for our review. Appellant's second issue is overruled.

### *Costs.*

In his third issue, appellant complains that there is insufficient evidence to support the trial court's order for appellant to pay $324 in court costs because the record does not contain a bill of costs. The record before us does contain a bill of costs supporting the assessment of costs in the trial court's judgment. Appellant's complaints have been addressed and rejected.[25] Appellant's third issue is overruled.

### *Modification of the Judgment.*

The judgment reflects that appellant was found guilty of "possession of a controlled substance with intent to deliver 400G to wit methamphetamine." The record reflects, however, that the jury found appellant guilty of the lesser-included offense of possession of a controlled substance. In his fourth issue, appellant requests that we correct the judgment. The State agrees that the judgment should be corrected.

---

[24] *Jones v. State*, 111 S.W.3d 600, 604 (Tex. App.—Dallas 2003, pet. ref'd).

[25] *See Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014) (holding that "a bill of costs is a relevant item that if omitted from the record, can be prepared and added to the record via a supplemental clerk's record"); *Coronel v. State*, 416 S.W.3d 550, 555–56 (Tex. App.—Dallas 2013, pet. ref'd).

We have the authority to correct the judgment of the court below to make the record speak the truth when we have the necessary data and information to do so.[26] Because the record contains the information necessary for correction, we sustain appellant's fourth issue and modify the judgment to reflect the correct offense for which appellant was convicted.

## CONCLUSION

We modify the judgment to reflect that appellant was convicted of possession of a controlled substance, methamphetamine, in an amount of 400 grams or more. As modified, the judgment is affirmed.

Do Not Publish
TEX. R. APP. P. 47                          /Kerry P. FitzGerald/
130718F.U05                                 KERRY P. FITZGERALD
                                            JUSTICE

---

[26] *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEONARD GERONIMO RENTERIA
SANCHEZ, Appellant

No. 05-13-00718-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F-1241227-H.
Opinion delivered by Justice FitzGerald.
Justices Fillmore and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant was convicted of possession of a controlled substance of 400g or more: methamphetamine.

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered October 22, 2014